J-S28019-20

2020 PA Super 192

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYLE ROCKWELL WIDGER | : | |
| | : | |
| Appellant | : | No. 1839 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 15, 2019
In the Court of Common Pleas of Tioga County Criminal Division at
No(s): CP-59-CR-0000286-2017

BEFORE: BOWES, J., OLSON, J., and MUSMANNO, J.

OPINION BY OLSON, J.: **FILED AUGUST 13, 2020**

Appellant, Kyle Rockwell Widger, appeals the October 15, 2019 judgment of sentence imposing an aggregate 10 to 20 years' imprisonment after a jury convicted Appellant of aggravated indecent assault of a child less than 13 years of age, aggravated assault of a child less than 13 years of age, and endangering the welfare of a child.[1] We affirm.

On July 18, 2017, Appellant was charged with the aforementioned crimes, as well as, *inter alia*, indecent assault of a child less than 13 years of age[2] after Appellant digitally penetrated the child's vaginal cavity and caused a second-degree perineal laceration that extended from the vaginal opening

_____

[1] 18 Pa.C.S.A. §§ 3125(b), 2702(a)(9), and 4304(a)(1), respectively.

[2] 18 Pa.C.S.A. § 3126(a)(7). Appellant was also charged with corruption of a minor less than 18 years of age. 18 Pa.C.S.A. § 6301(a)(1)(ii). This charge was subsequently dismissed on October 15, 2019.

to the child's anus. The two-year-old child was in Appellant's care while the child's mother, Appellant's then-girlfriend, was at work.

On April 3, 2019, a jury found Appellant guilty of aggravated indecent assault of a child less than 13 years of age, aggravated assault of a child less than 13 years of age, and endangering the welfare of a child. The jury found Appellant not guilty of indecent assault of a child less than 13 years of age. The trial court ordered a pre-sentence investigation ("PSI") report and ordered Appellant to submit to an assessment by the Sexual Offender's Assessment Board.

On October 15, 2019, the trial court sentenced Appellant to 10 to 20 years' imprisonment for aggravated indecent assault of a child less than 13 years of age, 5 to 10 years' imprisonment for aggravated assault of a child less than 13 years of age, and 6 to 24 months' imprisonment for endangering the welfare of a child. The trial court ordered the latter two sentences to run concurrently to the sentence for aggravated indecent assault of a child less than 13 years of age. Appellant's aggregate sentence, therefore, was 10 to 20 years' imprisonment. Appellant was determined not to be a sexually violent predator but was ordered, as a Tier III offender, to register for life with the Pennsylvania State Police as mandated by 42 Pa.C.S.A. § 9799.15(a)(3). This appeal followed.[3]

---

[3] The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The trial court subsequently filed a "Rule 1925(a) Statement."

Appellant raises the following issues for our review:

[1.] Whether the evidence was insufficient as a matter of law to sustain [Appellant's] convictions for aggravated assault [of a child less than 13 years of age], aggravated indecent assault of a child [less than 13 years of age], and endangering the welfare of [a child] where, among other things, the requisite *mens rea* elements for the [aforementioned] offenses, the penetration and [lack of] good faith elements for aggravated indecent assault [of a child less than 13 years of age], and [the] serious bodily injury element for aggravated assault [of a child less than 13 years of age] were not proven beyond a reasonable doubt?

[2.] Whether the trial court erred in accepting an inconsistent verdict where [Appellant] was acquitted of indecent assault [of a child less than 13 years of age], but convicted of aggravated indecent assault [of a child less than 13 years of age], when the proof required for both charges consisted of the same conduct and evidence?

[3.] Whether the trial court erred in imposing a ten-year mandatory minimum sentence for aggravated indecent assault [of a child less than 13 years of age] pursuant to 42 Pa.C.S.A. § 9718, which has been previously held to be an unconstitutional statute?

[4.] Whether the lack of any disclosure prior to trial of the Commonwealth's notice of its intent to seek a mandatory minimum sentence pursuant to [section] 9718, violated [Appellant's] state and federal due process rights where he was deprived of his right to make an informed decision regarding his decision to proceed to trial?

Appellant's Brief at 4 (extraneous capitalization omitted).

In his first issue, Appellant argues there was insufficient evidence to support his convictions. *Id.* at 10-18. Specifically, Appellant contends there was insufficient evidence of the requisite *mens rea* to establish that he committed the offenses of aggravated indecent assault of a child less than 13

- 3 -

years of age, aggravated assault of a child less than 13 years of age, and endangering the welfare of a child. *Id.* Appellant further contends there was insufficient evidence of penetration without a good faith purpose to support his conviction for aggravated indecent assault of a child less than 13 years of age. *Id*. Lastly, Appellant alleges there was insufficient evidence of serious bodily injury to support a conviction for aggravated assault of a child less than 13 years of age. *Id.*

In addressing the merits of a sufficiency claim, our standard and scope of review are well-settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier[-]of[-]fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Pappas*, 845 A.2d 829, 835-836 (Pa. Super. 2004) (citation omitted), *appeal denied*, 862 A.2d 1254 (Pa. 2004). To preserve a

sufficiency claim, the Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient. ***Commonwealth v. Williams***, 959 A.2d 1252, 1257 (Pa. Super. 2008).

Section 3125 of the Pennsylvania Crimes Code defines aggravated indecent assault, in pertinent part, as follows:

### § 3125. Aggravated indecent assault

**(a) Offenses defined.**—[A] person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

(1) the person does so without the complainant's consent;

(2) the person does so by forcible compulsion;

(3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

(4) the complainant is unconscious or the person knows that the complainant is unaware that the penetration is occurring;

(5) the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance;

(6) the complainant suffers from a mental disability which renders him or her incapable of consent;

(7) the complainant is less than 13 years of age; or

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

**(b) Aggravated indecent assault of a child.**--A person commits aggravated indecent assault of a child when the person violates subsection (a)(1), (2), (3), (4), (5) or (6) and the complainant is less than 13 years of age.

18 Pa.C.S.A. § 3125(a) and (b). "Digital penetration is sufficient to support a conviction for aggravated indecent assault[.]" ***Commonwealth v. Gonzalez***, 109 A.3d 711, 723 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1198 (Pa. 2015).

A person acts knowingly with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

(ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

18 Pa.C.S.A. § 302(b)(2)(i) and (ii).

A person commits aggravated assault of a child less than 13 years of age if the person "attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a child less than 13 years of age, by a person 18 years of age or older." ***Id.*** at § 2702(a)(9).

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

*Id.* at § 302(b)(3). Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* at § 2301.

"A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits [the offence of endangering the welfare of a child] if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." *Id.* at § 4304(a)(1).

Appellant argues that the evidence was insufficient to prove that he acted with malice, for purposes of his aggravated assault of a child less than 13 years of age conviction, or knowingly caused the child's injury for purposes of aggravated indecent assault of a child less than 13 years of age or endangering the welfare of a child.[4] Appellant's Brief at 13. Appellant

---

[4] Appellant's contention that malice is the *mens rea* necessary for a conviction of aggravated assault under Section 2702(a)(9) is unsupported by statutory authority or case law. Malice is the requisite *mens rea* to convict a person of, *inter alia*, aggravated assault under Section 2702(a)(1). **Commonwealth v. McHale**, 858 A.2d 1209, 1212 (Pa. Super. 2004); **see also** 18 Pa.C.S.A. § 2702(a)(1) (stating, a person commits aggravated assault if the person "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life"). Malice is defined as "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured." **McHale**, 858 A.2d at 1213 (citation omitted). Conspicuously absent from Section 2702(a)(9), when compared to Section 2702(a)(1), is the requirement that the perpetrator act

contends the child sustained the injury when he was changing her diaper and applying diaper rash ointment. *Id.* at 13-14. Appellant alleges that he "believed his finger, along with his fingernail, caused the injury while he was changing" the child's diaper. *Id.* at 14. Appellant avers that the evidence "was far more consistent with that of an accident by a caregiver, not intentional child abuse." *Id.* Appellant, while acknowledging that there was "ample evidence of some slight digital penetration" of the child's vaginal cavity, argues that there was insufficient evidence that the "limited penetration" was not for the good faith purpose of applying the diaper rash ointment. *Id.* at 16. Appellant further contends that the child did not suffer serious bodily injury because the evidence only established a "second-degree

_____

recklessly "under circumstances manifesting extreme indifference to the value of human life[.]" **Compare** 18 Pa.C.S.A. § 2702(a)(9) **with** 18 Pa.C.S.A. § 2702(a)(1).

> Where the legislature includes specific language in one section of the statute and excludes it from another, the language should not be implied where excluded. Moreover, where a section of a statute contains a given provision, the omission of such a provision from a similar section is significant to show a different legislative intent.

*Commonwealth v. Johnson*, 125 A.3d 822, 831 (Pa. Super. 2015) (citation and brackets omitted). If the legislature intended to require "malice" as a requisite element to convict a person of aggravated assault under Section 2702(a)(9), the legislature would have included the language as it did under Section 2702(a)(1). Absent such language in Section 2702(a)(9), the Commonwealth is required to prove only that Appellant acted with recklessness as defined by Section 302(b)(3) and is not required to demonstrate Appellant acted with malice.

laceration of the hymen tissue, which caused [the child] pain, but would heal."

*Id.* at 17.

The Commonwealth argues that that child's injury "would have required too much force for [] Appellant not to know or understand what was going on at the time." Commonwealth's Brief at 7. The Commonwealth contends that Appellant was angry with the child at the time he was changing her diaper and that the injury was "through the muscle with enough pressure to tear the skin and separate the muscle in the midline." *Id.* at 5. The Commonwealth avers that Appellant admitted to being the only caregiver with the child at the time of injury and admitted he caused the injury. *Id.* at 4.[5]

---

[5] The trial court, in addressing Appellant's first issue in its "Rule 1925(a) Statement," stated, "[a]s the [t]rial [j]udge, [I am] satisfied that more than sufficient evidence was presented to support the [j]ury's verdict." Trial Court Rule 1925(a) Statement, 12/23/19. "The Rules of Appellate Procedure make the filing of a 1925(a) opinion mandatory and the Rule 1925(a) opinion must set forth the reasons for the rulings of the trial judge or must specify in writing the place in the record where the reasons may be found." ***Commonwealth v. Hood***, 872 A.2d 175, 178 (Pa. Super. 2005), *citing* Pa.R.A.P. 1925(a), *appeal denied*, 889 A.2d 88 (Pa. 2005). Pennsylvania Appellate Rule of Procedure 1925(a) states, "upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall within the period set forth in Pa.R.A.P. 1931(a)(1) file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall **specify in writing the place in the record where such reasons may be found**." Pa.R.A.P. 1925(a) (emphasis added). It is incumbent upon a trial court to provide this Court with its Rule 1925(a) opinion addressing an appellant's issues, with citation to the record, to permit a meaningful and effective review of the issues raised and efficient use of judicial resources. The remedy for the trial court's non-compliance with Rule 1925(a) is to remand the case to the trial court with instructions to prepare an opinion and return the case to this Court. ***See Hood***, 872 A.2d at 179. Here, the trial court provided a "Rule

The record reveals that Appellant admitted to digitally penetrating the child's vaginal cavity. N.T., 4/3/19, at 7-8; ***see also*** N.T., 4/2/19, at 73, 133-134, 177-178. Appellant testified that after applying diaper rash ointment, and while reaching for a new diaper, the child was kicking and fussing when he "felt [his middle] finger [on his right hand] jam [into the child's vaginal cavity] like [he] had just caught a basketball[.]" N.T., 4/3/19, at 7. Appellant believed he injured the child when his finger "caught" on her vagina and his fingernail cut the child. ***Id.*** at 8, 17. After attempting to stop the bleeding, Appellant alleged he was unaware the injury was "as severe as it turned out to be." ***Id.*** at 9.

Dr. Adrienne Bonham, an expert in obstetrics and gynecology, described the child's injury as a second-degree laceration, approximately three centimeters, from the perineum into the vaginal cavity. N.T., 4/2/19, at 152-153, 155, 158, 160-161. Dr. Bonham stated that the injury was not a "superficial scratch" but, rather, a second-degree laceration in which the muscles in the middle of the perineum separated. ***Id.*** at 161. Dr. Bonham remarked,

---

1925(a) Statement" containing one-sentence responses pertaining to each of Appellant's four issues with no citation to the record to support the trial court's conclusory statements. Trial Court Rule 1925(a) Statement, 12/23/19. Although we do not approve of or sanction the trial court's failure to comply with its obligations under Rule 1925(a), the lack of a Rule 1925(a) opinion does not preclude this Court's review of the merits of Appellant's issues based upon our review of the record, including the notes of testimony from Appellant's trial.

[t]he muscles, the superficial muscles of the pelvic floor[,] all come together in [the] area between the vagina and anus; it is connected in that area, [it is] called the perineal body. This laceration went through the skin and into those connective tissue[s] and separated the attachments of the muscles together in the midline[.]

*Id.* Dr. Bonham opined that this type of injury would require a significant amount of force with enough pressure to tear the skin and separate the muscles in the midline. *Id.* Dr. Bonham opined, to a reasonable degree of medical certainty, that the child's injury could not have been self-inflicted, caused when the child allegedly "lifted her buttocks up in the air and fell down on [Appellant's] hand[,]" or by applying diaper rash ointment to the perineum area, even in an aggressive manner. *Id.* at 165-166.

In the emergency room of the hospital, the child was "tearful and very uncomfortable with any exam[ination]" and the medical team was unable to examine the extent of the injury. *Id.* at 152, 169. As a result, an operation was required during which, upon sedation of the child, the severity of the child's injury was determined. *Id.* at 152-152. Dr. Bonham was able to repair the laceration with fine sutures, which will likely result in a scar. *Id.* at 164. Dr. Bonham pro-actively treated the child for several potential sexually transmitted diseases and inserted a catheter into the child's bladder for 24 hours to help eliminate discomfort while urinating. *Id.* at 165. The child received follow-up treatment from a pediatric gynecologist, and Dr. Bonham believed the child was healing "okay." *Id.* at 171.

- 11 -

Trooper Terry Seal, a criminal investigator with the Pennsylvania State Police, upon conducting an investigation, concluded that the child's injury occurred while she was in Appellant's sole care and no one else had access to the child. *Id.* at 63, 75-76, *see also id.* at 81-82 (demonstrating that the babysitter did not notice any injury to the child prior to releasing the child to Appellant's care and custody). Appellant initially told the child's mother that the child's injury was self-inflicted when the child scratched herself. *Id.* at 60, 97, 103; *see also* Commonwealth's Exhibit 3. The child's mother reported, to both the police and the hospital staff, that the child's injury was self-inflicted and that upon arriving home she found the child jumping on the bed immediately prior to discovering the injury. N.T., 4/2/19, at 100-101, 114-115, 123. Appellant admitted that he and, allegedly, the child's mother fabricated the story that the child's injury was self-inflicted in order to protect Appellant from being accused of causing the injury. *Id.* at 180; *see also* N.T., 4/3/19, at 15-16.

Based upon the totality of the circumstances, the jury could infer beyond a reasonable doubt, that Appellant knowingly and recklessly digitally penetrated the child's vaginal cavity without a good faith medical reason and that Appellant's actions caused the child serious bodily injury and endangered the child's welfare. The Commonwealth presented expert testimony to establish that the severity of the injury was such that it was not caused by an alleged accidental insertion of Appellant's finger or by Appellant's application of diaper rash ointment, even if in an aggressive manner. The child's injury

was a second-degree laceration in her perineum that resulted in extensive bleeding and required surgery and the insertion of sutures to repair. In viewing all of the evidence and the inferences drawn from that evidence in the light most favorable to the Commonwealth, as the verdict winner, there was sufficient evidence for the jury, as fact-finder, to find that Appellant, without the two-year-old child's consent,[6] knowingly and recklessly digitally penetrated the child's vaginal cavity without a good faith medical reason, that Appellant intentionally, knowingly, or recklessly caused serious bodily injury to the child, and Appellant violated his duty of care when he knowingly endangered the child's welfare. Consequently, Appellant's sufficiency claim is without merit.

In Appellant's second issue, he argues that the trial court erred by permitting an inconsistent verdict in which the jury convicted Appellant of aggravated indecent assault of a child less than 13 years of age but acquitted Appellant of the charge of indecent assault of a child less than 13 years of age. Appellant's Brief at 18-19. Appellant contends, "[t]he jury's acquittal of [i]ndecent [a]ssault was plainly based on the same criminal conduct and evidence[,]" namely that Appellant digitally penetrated the child's vaginal cavity. *Id.*

---

[6] "[A]ll children under the age of thirteen are legally unable to consent to sexual acts[.]" *Commonwealth v. Velez*, 51 A.3d 260, 265 (Pa. Super. 2012).

It is a long-standing and well-established principle of our Commonwealth that consistency in a verdict is not required. ***Commonwealth v. Miller***, 35 A.3d 1206, 1213 (Pa. 2012). Our Supreme Court, in ***Miller***, held that inconsistent verdicts are generally not reviewable because such "an individualized assessment of the reason for the inconsistency either would be based on pure speculation, or would require inquiries into the jury's deliberations that courts generally will not undertake." ***Id.*** at 1209 (citations and brackets omitted). "[A] criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts." ***Id.*** (citation omitted). "Whether the jury's verdict was the result of mistake, compromise, lenity, or any other factor is not a question for [appellate courts] to review." ***Id.*** at 1213 (citation omitted).

The ***Miller*** Court noted an exception to the non-reviewability rule when the conviction of one crime requires, as an element of that crime, the completion of a predicate crime. ***Id.***; ***see also Commonwealth v. Magliocco***, 883 A.2d 479 (Pa. 2005) (holding that a conviction of ethnic intimidation must be vacated where the defendant was acquitted of the predicate crime of terroristic threats, which was a specific statutory element of the offense of which he was convicted); ***Commonwealth v. Reed***, 9 A.3d 1138 (Pa. 2010) (holding that pursuant to statute, the grading of a conviction of unlawful contact with a minor for sentencing purposes is predicated upon the defendant's conviction of an underlying offense and the defendant may

not be acquitted of the underlying offense upon which the conviction of unlawful contact with a minor is based). Therefore, where the plain text of the governing statute requires a conviction of a predicate crime as an element to establish a conviction of a second crime, an appellate court may review the verdict for inconsistency.

This Court, in comparing the elements necessary to support convictions of aggravated indecent assault of a child less than 13 years of age and indecent assault of a child less than 13 years of age, stated,

> [a]ggravated indecent assault [of a child less than 13 years of age] is defined as penetration, however slight, of the genitals or anus of the victim with a part of the offender's body for any purpose other than good faith medical, hygienic, or law enforcement procedures if the victim is less than 13 years of age. 18 Pa.C.S.A. § 3125[(a) and (b)]. Indecent assault [of a child less than 13 years of age] is defined as indecent contact with the victim if the victim is less than 13 years of age. 18 Pa.C.S.A. § 3126[(a)(7)]. 18 Pa.C.S.A. § 3101 defines "indecent contact" as any touching of the sexual or other intimate parts of the victim for the purpose of arousing or gratifying sexual desire in either person.
>
> Aggravated indecent assault includes an element that is not required to commit indecent assault. That element is penetration of the genitals or anus of the victim. Indecent assault includes an element that is not required to commit aggravated indecent assault. That element is proof of arousing or gratifying sexual desire.

**Commonwealth v. Allen**, 856 A.2d 1251, 1253-1254 (Pa. Super. 2004), *appeal denied*, 870 A.2d 319 (Pa. 2005).

Here, as discussed *supra*, there was sufficient evidence to convict Appellant of aggravated indecent assault of a child less than 13 years of age.

- 15 -

Since the crimes of aggravated indecent assault of a child less than 13 years of age and indecent assault of a child less than 13 years of age each have an additional element not included in the other crime, inconsistency of the verdict is not reviewable.

In his third issue, Appellant argues that the trial court erred in imposing a ten-year mandatory minimum sentence, pursuant to 42 Pa.C.S.A. § 9718(a)(3), for his conviction of aggravated indecent assault of a child less than 13 years of age. Appellant's Brief at 20-22.

Appellant's issue challenges the legality of sentence for which our standard of review is *de novo* and our scope of review plenary. ***Commonwealth v. Hawkins***, 45 A.3d 1123, 1130 (Pa. Super. 2012).

Section 9718(a)(3) of the Pennsylvania Sentencing Code requires a person convicted of aggravated indecent assault of a child less than 13 years of age pursuant to 18 Pa.C.S.A. § 3125(b) to be sentenced to a mandatory minimum term of not less than 10 years' imprisonment. 42 Pa.C.S.A. § 9718(a)(3). Section 9718(c), as enacted at the time of Appellant's sentencing, stated,

> **(c) Proof at sentencing.--**The provisions of this section shall not be an element of the crime, and notice of the provisions of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and

shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S.A. § 9718(c) (effective August 18, 2014 to December 17, 2019).

In *Alleyne v. United States*, the United States Supreme Court held that pursuant to the Sixth Amendment of the United States Constitution, which guarantees a defendant the right to a trial by an impartial jury and is applicable to the states by virtue of the Fourteenth Amendment,

> [a]ny fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Alleyne v. United States*, 570 U.S. 99, 103 (2013) (citation omitted).

In *Commonwealth v. Wolfe*, our Supreme Court, in addressing the implications of *Alleyne* on the constitutionality of Section 9718(a)(1) and (c), broadly held that Section 9718 is "irremediably unconstitutional on its face, non-severable, and void." *Commonwealth v. Wolfe*, 140 A.3d 651, 663 (Pa. 2016). Justice Todd, in authoring a dissent in *Wolfe*, held that when the fact that triggered the mandatory minimum sentence was an element of the underlying criminal offense and the jury found, beyond a reasonable doubt, that element of the underlying criminal offense in order to convict the defendant of the same, the defendant has been afforded the benefit of every constitutional right and the imposition of a mandatory minimum sentence does not implicate the protections announced in *Alleyne*. *Wolfe*, 140 A.3d at

- 17 -

666-667 (Todd, J. dissenting). A severability analysis, as Justice Todd suggested, is implicated "only where a statute reveals a constitutional (or other) infirmity" and is not required when there is no **Alleyne** violation. **Id.** at 669-670.

In **Commonwealth v. Resto**, our Supreme Court was presented with the question of whether the imposition of a mandatory minimum sentence under Section 9718(a)(3) was unconstitutional pursuant to **Alleyne**. In an opinion announcing the judgment of the court ("OAJC"), Chief Justice Saylor[7] held that Section 9718(a)(3) "requires no proof of any predicate or aggravating facts" and, therefore, does not implicate the protections afforded by **Alleyne**. **Commonwealth v. Resto**, 179 A.3d 18, 20-21 (Pa. 2018) (OAJC) (Todd, J. concurring; Dougherty, J. joining the concurrence). Chief Justice Saylor acknowledged that "some passages of **Wolfe** [were] written in overbroad terms to the degree that they disapprove Section 9718 as a whole, when the Court was not considering the materially distinct operation of [Section 9718(a)(3)]." **Id.** at 22. A minimum mandatory sentence that attaches to a conviction enumerated in Section 9718(a)(3) and does not require the sentencing judge to determine an additional, aggravating fact, does not run afoul of **Alleyne** because the conviction, itself, is a contemporaneous jury determination of the facts that require the imposition of a mandatory minimum sentence. **Id.** at 21. In so holding, Section

---

[7] Chief Justice Saylor authored the opinion in **Wolfe, supra**.

9718(a)(3) was determined to be severable from Sections 9718(a)(1) and (a)(2), which were unconstitutional pursuant to **Alleyne**. **Id.** at 22 (stating, **Wolfe** does not prevent the recognition that a precept concerning aggravating facts does not apply to provisions of a statute requiring none). Justice Todd, in concurrence, held that "the fact of a conviction, which triggered the mandatory minimum sentence under [Section] 9718(a)(3), was found by a jury beyond a reasonable doubt" and, therefore, the mandatory minimum sentence does not violate the defendant's constitutional rights. **Id.** at 23. Justice Dougherty, in a separate concurrence, held that "[t]he rule established in **Alleyne** is not violated when judicial fact-finding is not necessary prior to imposing a mandatory minimum sentence, regardless of whether the statutory provision at issue is accompanied by a [']proof at sentencing['] provision like the one found at [Section] 9718(c)." **Id.** at 30.

Here, Appellant was subject to a mandatory minimum sentence of 10 years' imprisonment, pursuant to Section 9718(a)(3), because a jury found, beyond a reasonable doubt, all of the elements necessary to convict him of aggravated indecent assault of a child less than 13 years of age in violation of 18 Pa.C.S.A. § 3125(b). The fact that triggered the mandatory minimum sentence was Appellant's conviction under Section 3125(b) and no additional aggravating fact needed to be determined by the trial court prior to imposing the judgment of sentence. Moreover, Appellant was afforded notice of the criminal charge in the information filed at the outset of the case and was presumptively aware that a mandatory minimum sentence, such as the one

he received, would be imposed should he be convicted. Pursuant to **Resto**, Section 9718(a)(3) is constitutional[8] and the trial court had the authority to impose a mandatory minimum sentence of 10 years' imprisonment pursuant to Section 9718(a)(3) without violating Appellant's constitutional rights. Consequently, Appellant's issue is without merit.[9]

_____

[8] The plurality's OAJC in **Resto**, although binding on the parties in that case, has limited precedential value on its own because it did not command the joinder of a majority of the justices participating in the case. **Commonwealth v. Brown**, 23 A.3d 544, 556 (Pa. Super. 2011) (citation omitted). Where concurring opinions enumerate the portions of the plurality's opinion in which the author joins, however, those portions in agreement gain precedential value. **Id.** (citation omitted). As the plurality's OAJC and the concurring opinions in **Resto** agree, Section 9718(a)(3) is severable from the remainder of the subsections of the statute and the mandatory minimum sentence imposed pursuant to Section 9718(a)(3), upon the jury's finding beyond a reasonable doubt that all of the elements of the crime charged have been established, does not violate Appellant's constitutional rights pursuant to **Alleyne**.

[9] To the extent that Appellant relies on this Court's decision in **Commonwealth v. Sandusky**, 203 A.3d 1033 (Pa. Super. 2019) to support his argument that the imposition of a mandatory minimum sentence pursuant to Section 9718**(a)(3)** is unconstitutional, we find Appellant's reliance on **Sandusky**, misplaced. **See** Appellant's Brief at 22 (emphasis added). In **Sandusky**, this Court held that the mandatory minimum sentence imposed on Sandusky pursuant to Section 9718**(a)(1)** was unconstitutional pursuant to the holdings in **Alleyne, supra**, and **Wolfe, supra**, because it required the trial court to find an element that increased the length of sentence, namely that the victim was less than 16 years of age, by a preponderance of the evidence. **Sandusky**, 203 A.3d at 1102-1104 (emphasis added), **see also** 42 Pa.C.S.A. § 9718(a)(1) (effective May 30, 1995 to November 29, 2004 and effective November 30, 2004 to December 31, 2006) (imposing a mandatory minimum sentence of not less than five years for a conviction of involuntary deviate sexual intercourse, pursuant to 18 Pa.C.S.A. § 3123, of a victim less than 16 years of age). We find this Court's decision in **Sandusky, supra**, distinguishable from the case _sub judice_ because, as discussed _supra_,

In his final issue, Appellant argues that the Commonwealth, in violation of his due process rights, failed to notify him, prior to trial, of its intent to seek the mandatory minimum sentence, pursuant to Section 9718(a)(3), upon his conviction of aggravated indecent assault of a child less than 13 years of age. Appellant's Brief at 23-25.

"A question regarding whether a due process violation occurred is a question of law for which our standard of review is *de novo* and the scope of review is plenary." **Commonwealth v. Tejada**, 161 A.3d 313, 317 (Pa. Super. 2017) (citation omitted). Due process requires a criminal statute to give fair warning of the conduct prescribed, and the criminal information must provide fair notice of every crime of which a criminal defendant is accused. **Commonwealth v. Sims**, 919 A.2d 931, 939 (Pa. 2007) (citations omitted). The notice must be "sufficiently specific so as to allow the defendant to prepare any available defenses should he exercise his right to a trial." **Id.** (citation omitted). The due process requirements ensure that if the Commonwealth prevails at trial, the defendant's conviction is not arbitrary or oppressive. **Id.** (citation omitted).

This Court previously held that "notice prior to trial of the mandatory sentence provision [is] unnecessary and impractical" because mandatory

---

Appellant's mandatory minimum sentence was imposed pursuant to Section 9718**(a)(3)** and does not violate Appellant's constitutional rights. **See Resto**, 179 A.3d at 21-22 (cautioning that "some passages of Wolfe [were] written in overbroad terms to the degree that they disapprove Section 9718 as a whole, when the [Supreme] Court was not considering the materially distinct operation of subsection (a)(3)).

sentence statutes "were constructed as they [] relate to a trial [where,] during trial[,] evidence might or might not be adduced to bring into play the mandatory sentencing requirement." ***Commonwealth v. Zorn***, 580 A.2d 8, 12 (Pa. Super. 1990). ***Alleyne***, and its progeny, do not alter this assessment. The ***Alleyne*** line of cases hold that a defendant's right to a trial-by-jury and proof beyond a reasonable doubt are violated where a trial court imposes a mandatory minimum sentence based upon its finding, by a preponderance of evidence, of aggravating facts. ***See Alleyne***, 570 U.S. at 116 (stating, "the aggravating fact produced a higher range [of sentence], which, in turn, conclusively indicates that the fact is an element of a distinct and aggravated crime [and] must, therefore, be submitted to the jury and found beyond a reasonable doubt"). The ***Alleyne*** Court, however, did not express an opinion with regard to the type or timing of notice that must be afforded a defendant. ***Id.***

In the case *sub judice*, the Commonwealth needed to provide reasonable notice of its intent to seek the mandatory minimum sentence of 10 years' incarceration for Appellant's conviction pursuant to Section 3125(b), after Appellant was convicted by the jury but before sentencing.[10]  42 Pa.C.S.A.

---

[10] Section 9718(c.1) currently requires the Commonwealth to provide notice of its intent to seek a mandatory minimum sentence pursuant to Section 9718(a) **prior to conviction**.  42 Pa.C.S.A. § 9718(c.1) (emphasis added) (effective December 18, 2019).  Although this section does not apply to the instant case, we note that conspicuously absent from Section 9718(c.1) is the requirement that the Commonwealth provide notice **prior to trial**, as

§ 9718(c) (effective August 18, 2014 to December 17, 2019); *see also Resto*, 179 A.3d at 22 (holding that the notification requirement of Section 9718(c), as it relates to Section 9718(a)(3), is constitutional). Section 9718(c) did not prescribe the type or format of the notice required, only that the Commonwealth provide "reasonable notice" after conviction and before sentencing. 42 Pa.C.S.A. § 9718(c) (effective August 18, 2014 to December 17, 2019). Here, Appellant concedes that the Commonwealth provided notice after conviction but prior to sentencing. Appellant's Brief at 25 (stating, notice of the applicability of Section 9718(a)(3) was provided "only at the eleventh hour, truly, an afterthought). Moreover, a review of the notes of testimony from Appellant's sentencing hearing demonstrates that Appellant had actual notice, prior to sentencing, of the Commonwealth's intent to seek a mandatory minimum sentence for Appellant's conviction under Section 3125(b). *See* N.T., 10/15/19, at 1 (stating, "[t]he [trial] court would note that when [the parties] were [previously] before [the trial court] there was some question as to the applicability of the mandatory minimum sentencing provisions"). Consequently, Appellant's issue is without merit.

Judgment of sentence affirmed.

---

suggested by Appellant. As the *Zorn* Court reasoned, the Commonwealth's decision to seek a mandatory minimum sentence often rests on evidence it believes established guilt beyond a reasonable doubt during the trial. *Zorn*, 580 A.2d at 12.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>08/13/2020</u>