J-S29030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TUESDAY LYNN HALE | : | |
| | : | |
| Appellant | : | No. 1476 WDA 2024 |

Appeal from the Judgment of Sentence Entered October 17, 2024
In the Court of Common Pleas of McKean County
Criminal Division at No(s):  CP-42-CR-0000510-2023

BEFORE:  NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

JUDGMENT ORDER BY SULLIVAN, J.:　　　　**FILED: October 7, 2025**

Tuesday Lynn Hale ("Hale") appeals from the judgment of sentence imposed following her jury convictions for one count each of attempted criminal use of a communication facility, criminal solicitation to commit possession with intent to deliver a controlled substance ("PWID"), conspiracy to commit terroristic threats, and acquisition or obtaining possession of a controlled substance by misrepresentation.[1]  On appeal, Hale challenges the sufficiency of the evidence underlying her conviction for criminal solicitation to commit PWID.  However, because Hale waived her claim, we dismiss the appeal.

---

[1] **See** 18 Pa.C.S.A. §§ 7512(a), 901(a); 18 Pa.C.S.A. § 902(a), 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 2706(a), 903; 35 P.S. § 780-113(a)(12).

Because of our disposition in this matter, we briefly note the following factual and procedural history. In August 2023, Hale and her friends, Elizabeth Tucker ("Tucker") and Star Belcher ("Belcher"), carried out a plan to obtain money, cocaine, and methamphetamines from Tucker's boyfriend Martin Baskerville ("Baskerville") by pretending Tucker had been kidnapped. However, upon receiving a ransom request accompanied by a photograph of a slumped-over and apparently sedated Tucker, Baskerville contacted the police. Upon investigation by the police, the conspiracy quickly dissolved.

At the conclusion of an August 2024 trial, the jury convicted Hale of the above-captioned offenses. In October 2024, the trial court sentenced Hale to an aggregate sentence of three to six years in prison. This appeal followed.[2]

Hale raises a single issue[3] for our review:

> [] Whether the trial court erred in convicting [Hale] of criminal solicitation to [PWID] where the evidence, even if fully credited, would not have supported a conviction for [PWID] under Pennsylvania law[?]

Hale's Brief at 7.

To preserve a sufficiency claim, "the Rule 1925(b) statement **must specify** the element or elements upon which the evidence was insufficient." **Commonwealth v. Widger**, 237 A.3d 1151, 1156 (Pa. Super. 2020)

---

[2] Hale and the trial court complied with Pa.R.A.P. 1925.

[3] On appeal, Hale withdrew the remaining issues raised in her 1925(b) statement. **See** Hale's Brief at 7.

(emphasis added). If the appellant does not specify such elements, the sufficiency claim is deemed waived. **Commonwealth v. Roche**, 153 A.3d 1063, 1072 (Pa. Super. 2017).

In her Rule 1925(b) statement, Hale presented a boilerplate challenge to the sufficiency of the evidence underlying her conviction for criminal solicitation to commit PWID; she failed to specify which elements of the crime she was challenging or explain why the evidence was insufficient. **See** Concise Statement of Errors Complained of on Appeal, 12/16/24, at 2 (unnumbered) (stating, as the entire basis for sufficiency relief, "The Commonwealth failed to show sufficient evidence existed to prove [Hale] guilty beyond a reasonable doubt of 18 [Pa.C.S.A.] § 902(a) — [c]riminal [s]olicitation [PWD]."). The trial court found Hale waived her sufficiency claim because of the vagueness of her Rule 1925 and did not address the merits of her claim. **See** Trial Court Opinion, 12/30/24, at 1-2. We agree and conclude Hale waived her challenge to the sufficiency of the evidence.

Appeal dismissed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

10/7/2025