J-S38003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN ANZALONE | : | |
| | : | |
| Appellant | : | No. 2436 EDA 2024 |

Appeal from the PCRA Order Entered July 11, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003506-2018

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED FEBRUARY 23, 2026**

John Anzalone appeals *pro se* from the order dismissing his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Anzalone maintains that PCRA and trial counsel were ineffective and his sentence was illegal. We affirm.

A jury convicted Anzalone of more than 30 counts of sexual offenses. The convictions included rape of a child, rape by forcible compulsion, indecent assault without consent of other, involuntary deviate sexual intercourse with a child, indecent assault by forcible compulsion, indecent assault of a person less than 13 years of age, corruption of minors, unlawful contact or communication with a minor, and indecent assault of a person less than 16

years of age.[1] The charges stemmed from multiple instances of sexual abuse against his girlfriend's daughters.

The court imposed an aggregate sentence of 40 to 80 years' incarceration. Following sentencing, Anzalone filed a motion for reconsideration, alleging that the court had abused its discretion in imposing an excessive sentence. The trial court denied the motion. Anzalone appealed from the judgment of sentence, and this Court affirmed. **See Commonwealth v. Anzalone**, 281 A.3d 1066, 2022 WL 2126753, at *1 (Pa.Super. filed June 14, 2022) (unpublished mem.). The Supreme Court of Pennsylvania denied Anzalone's petition for allowance of appeal on September 27, 2022. He did not seek *certiorari*.

In September 2023, Anzalone filed the instant, timely *pro se* PCRA petition. He alleged that trial counsel was ineffective for waiving a challenge to the discretionary aspects of his sentence by failing to file a post-sentence motion; appellate counsel was ineffective in failing to raise trial counsel's ineffectiveness for failing to file a post-sentence motion; and the court abused its discretion in sentencing him to a *de facto* life sentence without properly weighing the length of the sentence against the need to protect the public. **See** PCRA Petition, filed 9/11/23, at ¶ 6. The PCRA court appointed counsel, who filed an amended PCRA petition raising a single claim that trial counsel

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3121(a)(1), 3126(a)(1), 3123(b), 3126(a)(2), 3126(a)(7), 6301(a)(1)(iii), 6318(a)(1), and 3126(a)(8), respectively.

was ineffective for failing to call character witnesses at Anzalone's trial. *See* Amended PCRA Petition, filed 10/27/23, at ¶ 10.

The PCRA court issued an order directing PCRA counsel to identify all potential witnesses in accordance with 42 Pa.C.S.A. § 9545(d)(1). In response, counsel filed a *Turner/Finley*[2] letter and a motion to withdraw. The PCRA court issued notice of its intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907 ("Rule 907") and granted counsel leave to withdraw. Anzalone filed a *pro se* response to the Rule 907 notice alleging that PCRA counsel failed to raise trial counsel's ineffectiveness for: (1) failure to request a taint hearing to test the validity of the minor victims' testimony and (2) failure to raise a challenge to the imposition of mandatory minimum sentences pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013). *See* Objection to Intention to Dismiss PCRA, filed 2/26/24, at ¶ 3.

The PCRA court reappointed PCRA counsel and directed him to review the two claims Anzalone set forth in his *pro se* response to the Rule 907 notice. Order, 4/4/24. After determining that those claims were without merit, PCRA counsel filed a supplemental *Turner/Finley* letter and a motion to withdraw. The PCRA court re-issued notice of its intent to dismiss the PCRA petition pursuant to Rule 907 and granted counsel leave to withdraw. Anzalone filed a

_____

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

*pro se* response to the Rule 907 notice. The court dismissed Anzalone's PCRA petition without a hearing, on July 11, 2024. This appeal followed.[3]

Anzalone raises the following issues:

I. Did P.C.R.A. Counsel, John F. McCaul, Esq. render ineffective assistance of counsel, by failure to raise claims of legal merit of ineffective assistance of counsel against prior counsel, Geoffry David Hood, Esq. and William McElroy, Esq. raised within the initially filed P.C.R.A. Petition specifically:

   a. Challenging the failing to file post sentence motions;

   b. Improper waiver of discretionary aspects of the sentence challenge;

   c. Improper waiver of challenging the *de facto* life sentence.

II. Did the P.C.R.A. Court err when denying Mr. Anzalone's timely filed P.C.R.A. Petition when he raised valid claims of illegality of sentence under the auspice of ***Alleyne v. United States***, 570 U.S. 99 (2013); ***Commonwealth v. Resto***, 179 A.3d 18 (Pa. 2018) to his case, when the matter was a plurality opinion and deemed [not] precedential law?

III. Did the P.C.R.A. Court err when denying Mr. Anzalone's timely filed P.C.R.A. Petition when he raised valid claims of witness tai[n]ting that were never addressed when the factor of "taint"

_____

[3] Anzalone's *pro se* notice of appeal was docketed on September 6, 2024 and thus was facially untimely. ***See*** Pa.R.A.P. 903(a) (notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). However, there is no indication on the docket that the July 11, 2024 order dismissing Anzalone's PCRA petition was served on him. ***See*** Pa.R.Crim.P. 114(B)(1) ("A copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented"); Pa.R.Crim.P. 114(C)(2)(c) (trial court docket entries "shall contain . . . the date of service of the order or court notice"). "Where the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings." ***Commonwealth v. Midgley***, 289 A.3d 1111, 1117 (Pa.Super. 2023). "Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely." ***Id.*** We therefore treat Anzalone's appeal as timely.

- 4 -

was raised under the standards within **Commonwealth v. Delbridge**, 855 A.2d 27 (Pa. 2003) (**Delbridge I**)?

Anzalone's Br. at 3.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted). The appellant must show "the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2).

Anzalone's first issue raises claims of counsel's ineffectiveness. "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa.Super. 2010). To obtain relief based on a claim of ineffectiveness, a petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). Prejudice in this context means that, "absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." **Commonwealth v. Velazquez**, 216 A.3d 1146, 1149 (Pa.Super. 2019) (citation omitted). A failure to meet any of these prongs bars a petitioner from obtaining relief. **Commonwealth**

***v. Sneed***, 45 A.3d 1096, 1106 (Pa. 2012). "[C]ounsel cannot be held to be ineffective for failing to take futile actions or to raise a meritless claim." ***Commonwealth v. Howard***, 645 A.2d 1300, 1304 (Pa. 1994).

In subpart "a." of his first issue, Anzalone claims that PCRA counsel was ineffective for failing to raise prior counsel's ineffectiveness for not filing a post-sentence motion.

A review of the record indicates that prior counsel did, in fact, file a timely post-sentence motion. Because Anzalone's underlying argument that prior counsel was ineffective lacks merit, his layered claim that PCRA counsel was ineffective for failing to pursue the issue must also fail. ***See Commonwealth v. Chmiel***, 30 A.3d 1111, 1128 (Pa. 2011) (concluding that if a petitioner cannot prove the underlying claim of trial counsel's ineffectiveness, then petitioner's derivative claim of subsequent counsel's ineffectiveness fails).

Anzalone next argues in subpart "b." that PCRA counsel was ineffective for failing to raise prior counsel's ineffectiveness for "[i]mproper waiver of the discretionary aspects of the sentence challenge." Anzalone's Br. at 9. Anzalone states that he "concedes that he did have a discretionary aspects review through his direct appeal, during this review, however, [his] challenge to the discretionary aspects of his sentence were deemed waived by [c]ounsel's systemic failures to provide [him] with his right to file post-sentence motions." ***Id.***

On direct appeal, Anzalone raised a single issue: "Did the sentencing court abuse [its] discretion when it imposed an excessive aggregate sentence involving the imposition of consecutive mandatory sentences; failed to consider certain mitigating factors; and considered impermissible factors[?]" *Anzalone*, 2022 WL 2126753, at *2. This Court observed that Anzalone's claim went to the discretionary aspects of his sentence, for which there is no automatic right to appellate review.[4] *Id.* We found that Anzalone's appeal was timely, his claim that his aggregate sentence was excessive due to the court's imposition of consecutive terms of confinement was preserved in a post-sentence motion, and he included a Pa.R.A.P. 2119(f) statement in his brief.[5] *Id.* at *3. However, we found that Anzalone failed to raise a substantial question. *Id.* We explained:

> Anzalone fails to set forth a contention that the consecutive nature of the sentences renders the aggregate sentence excessive in view of the nature of the crimes, and the aggregate sentence is not excessive on its face, given the

---

[4] A defendant may obtain appellate review of discretionary aspects of sentence only if: (1) the appeal is timely; (2) the defendant preserved the issues below; (3) the defendant has included Pa.R.A.P. 2119(f) statement in the brief to this Court; and (4) the Rule 2119(f) statement raises a substantial question that the sentence is not appropriate under the Sentencing Code or is contrary to fundamental sentencing norms. *Commonwealth v. Banks*, 198 A.3d 391, 401 (Pa.Super. 2018); Pa.R.A.P. 2119(f).

[5] We found that Anzalone's other claims that the court failed to consider mitigating factors or that it considered impermissible sentencing factors were waived for failure to preserve them at his sentencing hearing or in his post-sentence motion. *Anzalone*, 2022 WL 2126753, at *2.

> number of crimes and the lifelong impact of his crimes on the victims.

*Id.*

The record thus indicates that prior counsel preserved a challenge to the discretionary aspects of Anzalone's sentence. This Court found that claim failed to raise a substantial question. Since prior counsel properly preserved the issue, Anzalone's claim that counsel waived the issue lacks arguable merit. Accordingly, his layered claim regarding PCRA counsel's ineffectiveness also fails. **See Chmiel**, 30 A.3d at 1128.

In subpart "c." of his first issue, Anzalone claims that PCRA counsel was ineffective for failing to raise prior counsel's ineffectiveness for "[i]mproper waiver of challenging the *de facto* sentence." Anzalone's Br. at 3. He argues that the sentence imposed upon him was an unduly punitive *de facto* life sentence that disproportionately emphasizes the gravity of these ugly but not atypical crimes." *Id.* at 11. In Anzalone's view, his sentence of 40 to 80 years' confinement "was an unreasonable excessive aggregate sentence involving the imposition of consecutive mandatory sentences which created an illegal *de facto* life sentence." *Id.* at 13.

Counsel raised a challenge that Anzalone's aggregate sentence was excessive due to the consecutive nature of the terms of sentence on direct appeal. Although the phrase "*de facto* sentence" was not used in his direct appeal, the same exact issue was preserved by counsel. As such, counsel did not waive the issue and Anzalone's claim lacks merit. Accordingly, Anzalone's

ineffectiveness claim against PCRA counsel similarly fails. *See Chmiel*, 30 A.3d at 1128.

Anzalone next argues that the imposition of mandatory minimum sentences under 42 Pa.C.S.A. § 9718 violated the principles set forth in *Alleyne*. He argues that "because the challenged statute, (42 Pa.C.S.A. § 9718), plainly required judicial fact-finding of the crime victim's age be determined at the time of sentencing by a preponderance of the evidence, the provision violated *Alleyne*." Anzalone's Br. at 16. He thus maintains that his mandatory minimum sentence is illegal. He further argues that this Court is not bound by our Supreme Court's decision in *Commonwealth v. Resto*, 179 A.3d 18 (Pa. 2018) because it is a plurality decision. *Id.* at 15.

Section 9718 of the Judicial Code provides the following mandatory minimum sentences for crimes against infant persons:

> **(a) Mandatory sentence.--**
>
> (1) A person convicted of the following offenses when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:
>
> 18 Pa.C.S. § 2702(a)(1) and (4) (relating to aggravated assault)--not less than two years.
>
> 18 Pa.C.S. § 3121(a)(1), (2), (3), (4) and (5) (relating to rape)--not less than ten years.
>
> 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)--not less than ten years.
>
> 18 Pa.C.S. § 3125(a)(1) through (6) (relating to aggravated indecent assault) -- not less than five years.

(2) A person convicted of the following offenses when the victim is less than 13 years of age shall be sentenced to a mandatory term of imprisonment as follows:

18 Pa.C.S. § 2502(c) (relating to murder)--not less than 15 years.

18 Pa.C.S. § 2702(a)(1)--not less than five years.

(3) A person convicted of the following offenses shall be sentenced to a mandatory term of imprisonment as follows:

18 Pa.C.S. § 3121(c) and (d)--not less than ten years.

18 Pa.C.S. § 3125(a)(7)--not less than five years.

18 Pa.C.S. § 3125(b)--not less than ten years.

\*\*\*

**(c) Application of mandatory minimum penalty.**--With the exception of prior convictions, any provision of this section that requires imposition of a mandatory minimum sentence shall constitute an element enhancing the underlying offense. Any enhancing element must be proven beyond a reasonable doubt at trial on the underlying offense and must be submitted to the fact-finder for deliberation together with the underlying offense. If the fact-finder finds the defendant guilty of the underlying offense, the fact-finder shall also decide whether any enhancing element has been proven.

42 Pa.C.S.A. § 9718(a),(c).

In **Alleyne**, the Supreme Court of the United States held that any fact that imposes a mandatory minimum sentence beyond the prescribed statutory minimum sentence must be submitted to a jury and proven beyond a reasonable doubt. **See Alleyne**, 570 U.S. at 103.

In **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016), the Pennsylvania Supreme Court reviewed Section 9718(a)(1) of the Judicial Code. Relying on **Alleyne**, the Court held that "Section 9718 is irremediably

unconstitutional on its face, non-severable, and void" because judicial fact-finding of the victim's age was required. *Wolfe*, 140 A.3d at 663.

In *Commonwealth v. Resto*, 179 A.3d 18 (Pa. 2018) (plurality), the Pennsylvania Supreme Court reviewed a different subsection of Section 9718 than was at issue in *Wolfe*, Section 9718(a)(3). There, a jury convicted the defendant of numerous sexual offenses, including rape of a child under 18 Pa.C.S.A. § 3121(c). The court imposed a mandatory minimum sentence of 10 years' imprisonment pursuant to Section 9718(a)(3). In an Opinion Announcing the Judgment of the Court ("OAJC"), Chief Justice Saylor determined that "Section 9718(a)(3) of the Judicial Code is unlike the preceding subsection that was deemed unconstitutional in *Wolfe*, because subsection (a)(3) requires no proof of any predicate or aggravating facts." *Resto*, 179 A.3d at 20. It explained that "the concern of *Alleyne* is with sentencing enhancements tied to facts to be determined by a judge at sentencing" and "a conviction returned by a jury to which a mandatory minimum sentence directly attaches is not the same as an aggravating fact that increases a mandatory minimum sentence." *Id.* at 21. The OAJC thus concluded that mandatory minimum sentences under Section 9718(a)(3) did not run afoul of *Alleyne* because it imposes mandatory minimum sentences based on the conviction itself. *Id.*[6]

---

[6] Then-Justice Todd, now the Chief Justice, issued a separate concurrence that Justice Dougherty joined, and Justice Dougherty filed a concurrence in which Justice Todd joined. Justices Baer and Mundy each filed dissents, and Justices Donohue and Wecht did not participate.

More recently, in ***Commonwealth v. Widger***, 237 A.3d 1151 (Pa.Super. 2020), this Court confirmed that Section 9718(a)(3) is constitutional. There, the trial court imposed a mandatory minimum sentence of ten years of imprisonment pursuant to Section 9718(a)(3). ***Widger***, 237 A.3d at 1163. Relying on the OAJC in ***Resto***, we held that the trial court had the authority to impose a mandatory minimum sentence pursuant to Section 9718(a)(3) without violating Widger's constitutional rights. ***Id.*** We reasoned that "[t]he fact that triggered the mandatory minimum sentence was [Widger's] conviction under Section 3125(b) and no additional aggravating fact needed to be determined by the trial court prior to imposing the judgment of sentence." ***Id.*** We further addressed the precedential value of ***Resto***:

> The plurality's OAJC in ***Resto***, although binding on the parties in that case, has limited precedential value on its own because it did not command the joinder of a majority of the justices participating in the case. ***Commonwealth v. Brown***, 23 A.3d 544, 556 (Pa.Super. 2011) (citation omitted). Where concurring opinions enumerate the portions of the plurality's opinion in which the author joins, however, those portions in agreement gain precedential value. ***Id.*** (citation omitted). As the plurality's OAJC and the concurring opinions in ***Resto*** agree, Section 9718(a)(3) is severable from the remainder of the subsections of the statute and the mandatory minimum sentence imposed pursuant to Section 9718(a)(3), upon the jury's finding beyond a reasonable doubt that all of the elements of the crime charged have been established, does not violate [an a]ppellant's constitutional rights pursuant to ***Alleyne***.

***Id.*** at 1163 n.8.

Here, Anzalone was sentenced to mandatory minimum sentences for rape of a child under 18 Pa.C.S.A. § 3121(c). That crime is specifically

enumerated under 42 Pa.C.S.A. § 9718(a)(3), which has been found constitutional. There was no need for additional fact-finding at sentencing about the victim's age because the conviction itself attached mandatory minimum sentences. Thus, the court's imposition of mandatory minimum sentences did not violate the principles set forth in **Alleyne**. **See Resto**, 179 A.3d at 21; **Widger**, 237 A.3d at 1163; **see also Commonwealth v. Daniels**, 245 A.3d 1118 (Table), 2020 WL 7861241, at *5 (Pa.Super. filed Dec. 31, 2020) (unpublished mem.) (finding that appellant's mandatory minimum sentences for rape of a child and aggravated indecent assault imposed under Section 9718(a)(3) were legal because Section 9718(a)(3) requires no proof of any predicate or aggravating facts and, thus, did not implicate the protections afforded by **Alleyne**). Accordingly, Anzalone's claim is without merit.

Anzalone's final claim is that counsel was ineffective for failing to request a taint hearing as to the child witnesses. He alleges that he was entitled to a hearing under procedural due process to determine if the witnesses were tainted. He argues that he "[d]id not have a hearing to determine the competency of the witnesses, even after informing multiple [c]ounsel that there was 'taint' in the matt[er]." Anzalone's Br. at 19-20.

Every witness is presumed competent. Pa.R.E. 601(a). However, "[t]he capacity of young children to testify has always been a concern as their immaturity can impact their ability to meet the minimal legal requirements of competency." **Commonwealth v. Delbridge**, 855 A.2d 27, 39 (Pa. 2003).

"A party who challenges the competency of a minor witness must prove by clear and convincing evidence that the witness lacks the minimal capacity (1) to communicate, (2) to observe an event and accurately recall that observation, and (3) to understand the necessity to speak the truth." *Commonwealth v. Pena*, 31 A.3d 704, 707 (Pa.Super. 2011) (cleaned up).

"Taint is the implantation of false memories or the distortion of real memories caused by interview techniques of law enforcement, social service personnel, and other interested adults, that are so unduly suggestive and coercive as to infect the memory of the child, rendering that child incompetent to testify." *Delbridge*, 855 A.2d at 35. "[T]aint is a legitimate question for examination in cases involving complaints of sexual abuse made by young children." *Id.* at 39. "An allegation that the witness's memory of the event has been tainted raises a red flag regarding competency, not credibility." *Id.* at 40. However, "[w]hen a witness is at least fourteen years old, he or she is entitled to the same presumption of competence as an adult witness." *Pena*, 31 A.3d at 707. Indeed,

> the concerns underlying the three-part test for evaluating the testimonial competency of minors become less relevant as the witness's age increases, ultimately being rendered **totally irrelevant as a matter of law by age fourteen**. In *Commonwealth v. Moore*, 980 A.2d 647 (Pa.Super. 2009), this Court reiterated that the critical age for purposes of conducting a taint hearing is not the age at the time of the crime but the age at the time of trial.

*Id.* (some alterations, emphasis in original).

- 14 -

Here, both victims were over the age of 14 at the time of trial. The first victim was 14 years old and the second victim was 16 years old when they testified at trial. *See* N.T. Trial, 4/15/19, at 47, 112. Thus, the witnesses were presumptively competent to testify and Anzalone was not entitled to a competency hearing or taint inquiry. *Pena*, 31 A.3d at 707. Since counsel cannot be deemed ineffective for failing to raise a meritless claim, Anzalone is entitled to no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/23/2026