J-S13030-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: G.T.S., A MINOR | : IN THE SUPERIOR COURT OF<br>: PENNSYLVANIA<br>:<br>:<br>: |
| APPEAL OF: C.E., MOTHER | :<br>:<br>:<br>:<br>:<br>: |
| | : No. 3077 EDA 2025 |

Appeal from the Decree Entered November 6, 2025
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000303-2019

| | |
|---|---|
| IN THE INTEREST OF: N.A.S., A MINOR | : IN THE SUPERIOR COURT OF<br>: PENNSYLVANIA<br>:<br>:<br>: |
| APPEAL OF: C.E., MOTHER | :<br>:<br>:<br>:<br>: |
| | : No. 3078 EDA 2025 |

Appeal from the Decree Entered November 6, 2025
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000305-2019

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and KING, J.

JUDGMENT ORDER BY NICHOLS, J.:                    **FILED JUNE 2, 2026**

Appellant C.E. (Mother) appeals from the involuntary termination of her parental rights to G.T.S. and N.A.S. (collectively, Children) pursuant to petitions filed by the Philadelphia Department of Human Services (DHS).  We remand for the trial court to file a supplemental Pa.R.A.P. 1925(a) opinion explaining its decision to terminate Mother's parental rights.

Briefly, the trial court entered decrees terminating Mother's parental rights to Children on November 6, 2025. Mother filed a timely notice of appeal and a simultaneous concise statement of errors.

In lieu of a Rule 1925(a) opinion, the trial court filed a notice referring this Court to the transcript of November 5, 2025, for the "testimony and evidence that lead to [its] final determination," noting where in the transcript it had stated its "reasons for termination" and where it had "made credibility determinations of all the testimony provided." Rule 1925(a) Notice, 1/16/26, at 1-2 (citation omitted). The Rule 1925(a) notice does not, however, provide a procedural history of Children's dependency or adoption matters, a summary of the relevant facts presented at trial, or the reasons why the trial court granted DHS' petitions to involuntarily terminate Mother's parental rights. Accordingly, the trial court's Rule 1925(a) notice, even considered in conjunction with the attached notes of testimony, is inadequate for purposes of our review.

We therefore remand for the trial court to file, within thirty days from the date of this judgment order, a Rule 1925(a) opinion that provides a summary of the relevant facts and procedural history of Children's dependency and adoption cases, and the reasons for the involuntary termination Mother's parental rights. *See Commonwealth v. Widger*, 237 A.3d 1151, 1158 n.5 (noting that the "remedy for the trial court's non-compliance with Rule 1925(a) is to remand the case to the trial court with instructions to prepare an opinion and return the case to this Court" (citation

omitted)); **see also In re G.L.C.**, 333 EDA 2019, 2019 WL 4415749, *2-3 (Pa. Super. filed Sept. 16, 2019) (unpublished mem.) (in a dependency and adoption matter, remanding to the trial court to file a supplemental Rule 1925(a) opinion explaining the reasons for its decision, within thirty days).[1]

Case remanded.  Jurisdiction retained.

_____

[1] We may cite to unpublished memorandum decisions of the Superior Court filed after May 1, 2019, for their persuasive value.  **See** Pa.R.A.P. 126(b).