**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MELLONZO MEL BEY | : | |
| | : | |
| Appellant | : | No. 71 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 8, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002059-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MELLONZO MEL BEY | : | |
| | : | |
| Appellant | : | No. 72 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 8, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002058-2018

BEFORE:   DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: DECEMBER 3, 2021**

Appellant, Mellonzo Mel Bey, appeals *nunc pro tunc* from the Judgment of Sentence entered on August 8, 2019. After careful review, we remand for the trial court to file a supplemental Pa.R.A.P. 1925(a) opinion.

_____

[*] Former Justice specially assigned to the Superior Court.

On August 6, 2019, a jury convicted Appellant, at two separate dockets, of two counts each of Possession with Intent to Deliver ("PWID"), Possession of a Controlled Substance, and Possession of Drug Paraphernalia. On August 8, 2019, the court sentenced Appellant to 21 to 42 months' incarceration in each case, to be served concurrently. Appellant did not file a direct appeal.

On October 11, 2019, Appellant filed a *pro se* Motion for Time Credit and Correct Commitment. The trial court denied Appellant's motion without a hearing, characterizing it as an untimely post-sentence motion. On October 21, 2019, Appellant timely appealed, *pro se*, from this Order.

On June 30, 2020, this Court reversed. **See Commonwealth v. Bey**, 237 A.3d 1096 (Pa. Super. filed June 30, 2020) (non-precedential decision). We determined that the court should have treated Appellant's motion as a first, timely petition filed pursuant to the Post Conviction Relief Act.[1] We remanded to the lower court to appoint counsel or conduct a **Grazier**[2] hearing, and to conduct further proceedings.

The court subsequently appointed counsel and ordered counsel to file an amended PCRA petition. On September 18, 2020, Appellant filed the amended PCRA petition alleging, *inter alia*, ineffective assistance of trial counsel for failure to file a direct appeal on Appellant's behalf. On December

---

[1] 42 Pa.C.S. §§ 9541-46.

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 2 -

28, 2020, the PCRA court granted Appellant the right to file a direct appeal *nunc pro tunc*.[3]

On January 13, 2021, Appellant timely filed a *nunc pro tunc* Notice of Appeal from his August 8, 2019 Judgment of Sentence. On February 3, 2021, Appellant timely filed a Pa.R.A.P. 1925(b) statement. The trial court filed a Rule 1925(a) opinion.

Appellant raises the following issues for our review:

> 1. Whether [the Commonwealth adduced] sufficient evidence to sustain [Appellant's] convictions for the charges of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver; Possession; and Possession of Drug Paraphernalia[;]
>
> 2. Whether the court erred by allowing the arresting officer to give a legal definition of paraphernalia[; and]
>
> 3. Whether the Commonwealth violated Rule 600[.]

Appellant's Br. at 3 (unnecessary capitalization omitted).

Before we can consider the merits of Appellant's issues, we must address a problem with the trial court's Pa.R.A.P. 1925(a) opinion. Appellant raised each of the above issues in his Rule 1925(b) statement. Instead of addressing these issues in its Rule 1925(a) opinion, however, the trial court urges this Court to dismiss Appellant's appeal as untimely. The court opined:

> AND NOW, this 8th day of March 2021, Appellant, Mellonzo Mel Bey has filed this appeal of the Court's denial of his Motion for

---

[3] We note that the certified record includes reference to a December 28, 2020 hearing on Appellant's PCRA petition. The transcript from this hearing is not included in the certified record on appeal. To the extent that the transcript is necessary to our disposition of any issues, we instruct Appellant to have it transcribed and filed as a supplement to the certified record.

> Time Credit and Corrected Commitment. Upon review of the record, the [c]ourt continues to support its opinion in these cases asserting that the appeal should be dismissed as being untimely.
>
> Wherefore, the [c]ourt believes this appeal is without merit and should be dismissed.

Trial Ct. Op., 3/8/21.

Rule 1925(a) instructs trial court judges to "file of record at least a brief opinion of the reasons for . . . the rulings or other errors complained of[.]" Pa.R.A.P. 1925(a). The purpose of the Rule 1925(a) opinion is to enable appellate courts to conduct effective and meaningful review of lower court decisions. **Commonwealth v. Hood**, 872 A.2d 175, 178 (Pa. Super. 2005). It is incumbent upon a trial court to provide this Court with a Rule 1925(a) opinion addressing an appellant's issues with citation to the record. **Commonwealth v. Widger**, 237 A.3d 1151, 1158 n.5 (Pa. Super. 2020). Where a trial court's failure to comply with Rule 1925(a) hampers this Court's ability to conduct a meaningful review, the remedy is to remand the case to the trial court with instructions to prepare an opinion and return the case to this Court. **Id.**

The trial court has failed to follow the requirements of Rule 1925(a). The court granted Appellant the right to file a direct appeal *nunc pro tunc*. Appellant then filed a timely Notice of Appeal from his Judgment of Sentence. It is, therefore, unclear from the court's opinion why it characterized Appellant's appeal as being from its denial of Appellant's Motion for Time Credit and Corrected Commitment rather than from his Judgment of

Sentence.[4] It is likewise unclear on what basis the court believes Appellant's appeal is untimely. Finally, the court failed to address the merits of the issues Appellant raised in his Rule 1925(b) statement, foreclosing this Court's ability to conduct an effective and meaningful review.

We direct the trial court to file a supplemental Rule 1925(a) opinion within 30 days after remand. The court shall address the merits of the issues Appellant has raised on appeal. In addition, to the extent that the court continues to believe that Appellant untimely filed his appeal, it shall explain the basis for that belief. No additional briefing shall be permitted.

Case remanded with instructions. Panel jurisdiction retained.

---

[4] As discussed above, Appellant's Motion for Time Credit and Corrected Commitment was a first, timely PCRA petition. The court permitted Appellant's counsel to file an amendment to this petition. It then granted the relief Appellant requested, to file a direct appeal *nunc pro tunc*. As a result, it is confounding why the court has characterized this appeal as being from Appellant's initial PCRA petition and why the court continues to consider that petition untimely.