J-S10008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PAUL MICHAEL PIETRUSZA | : | |
| | : | |
| Appellant | : | No. 299 MDA 2021 |

Appeal from the Judgment of Sentence Entered January 25, 2021
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0003694-2019

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 20, 2022**

Paul Michael Pietrusza (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of one count each of involuntary deviate sexual intercourse of a child (less than 13), indecent assault, corruption of minors, and rape of a child (less than 13).[1]  In addition, Appellant has filed a petition in this Court seeking "limited remand."  Upon review, we deny Appellant's petition and affirm his judgment of sentence.

The trial court recounted the facts established at trial as follows:

> In 2019, [A.B., a four-year-old female,] was residing … in York County, Pennsylvania, with her mother [(Mother)]; two siblings []; her maternal grandparents; and [Appellant].  On January 15, 2019, at approximately 3:00 p.m., Appellant walked into [Mother's] room with A.B. and asked [Mother] if he could give A.B. a piece of candy.  [Mother] gave her consent because [Appellant]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3123(b), 3126(a)(7), 6301(a)(1)(i) and 3121(c).

had given A.B. candy before at various times. At that time, [Appellant] and A.B. walked into [Appellant's] room and [Mother] began to doze off. [Appellant] then asked A.B. if she wanted a piece of candy, A.B. responded "yes." [Appellant] then blindfolded A.B. and placed what A.B. described as [Appellant's] "belly button" into her mouth.[FN]4

> [FN]4 At trial, A.B. clarified that the "belly button" placed into her mouth was [Appellant's] penis. ...

After this occurred, [Appellant] and A.B. walked back into [Mother's] room. [Mother] observed that [Appellant] was wearing a white button-up shirt, blue jeans with the zipper undone and untied brown work boots. [Appellant] had his arm placed around A.B. and was acting calm. A.B. turned to where [Appellant] was standing and began to lift his shirt staring at [Appellant's] stomach before she grabbed his pants and began to pull them down. [Mother] yelled, asking A.B. what she was doing. A.B. responded that she was looking for the "belly button" [Appellant] had just put into her mouth.

[Mother] then turned to [Appellant] and asked him what A.B. was talking about. [Appellant] stated that he had given A.B. a vanilla tootsie pop and she must not have liked it very much because the vanilla flavor tastes weird. [Mother] retorted that there is no vanilla flavor of tootsie pops and [Appellant] walked back to his room.

. . .

[Mother] contacted the police about the incident the evening of January 17, 2019. The next morning, [Mother] contacted Children and Youth. [Mother] took A.B. to have a Sexual Assault Forensic Examination (SAFE) exam performed at the York Hospital, but no physical evidence was detected.

On February 19, 2019, [Mother] took A.B. for a forensic interview with Clara Roberti (hereinafter "Roberti"), a forensic interviewer supervisor with the York County Children's Advocacy Center (hereinafter "CAC"). Roberti showed A.B. pictures describing a scenario and A.B. correctly responded, showing she knew the difference between a truth and a lie. A.B. identified herself as a girl and [Appellant] as a boy. Roberti then showed A.B. diagrams of a boy and a girl to have her identify certain body parts. A.B.

correctly identified a nipple, belly stomach [*sic*], and butt.  A.B. also stated that lollipops make her butt hurt.

A.B. pointed to the pelvic region on the diagram and stated that [Appellant] had shown her this, put it in her mouth, and it touched the inside of her cheek.  A.B. stated she thought it was a lollipop and it tasted like a belly button.  [Appellant] covered A.B.'s eyes and shut the bathroom door so no one else could see, but she said she saw it and it looked like a belly button.  A.B. stated [Appellant] had his hand on his belly button when he put it in her mouth, and it grew big.

On March 28, 2019, Detective Kevin Romine and Detective Daniel Grimme interviewed [Appellant] regarding this incident.  During this interview, [Appellant] admitted he lived in the same house as A.B.  When questioned about the incident, [Appellant] stated that he took A.B. to his room to grab some candy.

[Appellant] stated the incident occurred in the doorway of his bedroom[:]  ...

> So I grabbed a lollipop.  The girl was standing in my doorway and I'm a man.  I have certain needs.  And I didn't have a girlfriend at the time, so I had a certain toy in the drawer underneath.  So I had the girl cover — had something over her eyes so she couldn't see what drawer I was pulling it out of …

Trial Court Opinion, 9/16/21, at 1-4 (unnumbered) (citations and footnotes 1-3 omitted, footnote 4 in original).

The Commonwealth charged Appellant with the aforementioned crimes. On November 5, 2020, a jury rendered its guilty verdicts.  The trial court deferred sentencing for the preparation of a presentence investigation (PSI) report and for the Sexual Offender Assessment Board to issue a report as to whether Appellant met the criteria of a sexually violent predator (SVP).  On

January 25, 2021, the trial court sentenced Appellant to an aggregate 10 - 20 years in prison, plus 3 years of probation.[2]

Appellant timely appealed. On May 18, 2021, while his appeal was pending, Appellant filed a petition for leave to file post-sentence motions *nunc pro tunc* in the trial court, which the court, despite lacking jurisdiction, denied on May 26, 2021. *See* Pa.R.A.P. 1701(a) ("[A]fter an appeal is taken … the trial court … may no longer proceed further in the matter."). On June 25, 2021, Appellant filed in this Court a "Petition for Limited Remand," for the "purpose of raising a weight of the evidence challenge with the lower court." Petition for Limited Remand, 6/25/21, at ¶ 5. By order dated June 30, 2021, we deferred disposition to the merits panel. Following several requests for extensions of time, Appellant filed a court-ordered concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the trial court filed a responsive Pa.R.A.P. 1925(a) opinion.

Appellant presents one question for our review:

> Did the Commonwealth present sufficient evidence to convict [A]ppellant of indecent assault when they failed to prove the element of intent to arouse or gratify a sexual desire beyond a reasonable doubt?

Appellant's Brief at 4.

We begin by recognizing:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light

---

[2] Appellant was not designated an SVP.

most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. James*, 268 A.3d 461, 466 (Pa. Super. 2021) (citations omitted); *Commonwealth v. Widger*, 237 A.3d 1151, 1156 (Pa. Super. 2020) ("The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.").

A person is guilty of indecent assault if he

has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and ... the complainant is less than 13 years of age[.]

18 Pa.C.S.A. § 3126(a)(7). "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101. The Commonwealth can prove the touching was done for the purpose of arousing or gratifying sexual desire through circumstantial evidence. *See Widger*, *supra*.

The trial court concluded the Commonwealth proved beyond a reasonable doubt that Appellant's "touching of an intimate part" of the victim was done "for the purpose of arousing or gratifying sexual desire" pursuant to 18 Pa.C.S.A. § 3101. The court explained:

- 5 -

The Commonwealth provided sufficient and credible evidence of the element of intent to arouse or gratify a sexual desire because the victim, A.B., stated in the CAC interview that [Appellant's] penis, which she described as a lollipop, tasting and looking like a belly button, grew bigger after being placed in her mouth.

. . .

[T]he jury considered A.B. to be a credible eyewitness. Although A.B. was only four years old, she was able to properly show various body parts on a diagram of a boy and a girl both in the CAC interview and while on the stand during trial. Additionally, A.B. exhibited she understood the difference between a truth and a lie. Even though A.B. did not use the proper terminology, the jury must have understood, based on a reasonable adult's life experiences, how a four-year old could associate the visual, odiferous, and flavor characteristics of a penis as a belly button.

The Superior Court has previously held that a kiss on the mouth with tongue insertion is enough to support the element of arousing or gratifying a sexual desire for indecent assault under 18 Pa.C.S. § 3126(a)(7). *See Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006). In the instant case, A.B. stated in both her direct testimony and in the CAC interview video that [Appellant] put "it," meaning his penis, into her mouth. When Roberti asked if [Appellant's] penis had touched another part of her body, A.B. responded, "Yes, My cheek; the inside of my cheek." A.B. stated, "so his hand is right here, [pointing to the diagram of a male,] and he kind of puts his hand on his belly button and kept it in my mouth and it felt gross." If a kiss using tongue satisfies this element of sexual gratification, then an adult using his hand to insert his penis into a child's mouth certainly shows intent to arouse or gratify a sexual desire as well.

Trial Court Opinion, 9/16/21, at 6, 8 (unnumbered) (record citations omitted).

We discern no error. Appellant, however, disputes the court's conclusion because the victim, "testified that never saw Appellant's penis[.]" Appellant's Brief at 9. Appellant contends the victim's mother "told her what happened," and "the evidence shows that the victim's eyes were covered, that

something was placed into her mouth, and that she believed it was a lollipop."
*Id.* at 8-9. This claim lacks merit.

To the extent Appellant argues the testimonial evidence was not clear as to what Appellant inserted into the victim's mouth, or that the victim's mother influenced her testimony, "[a]s the ultimate finder of fact, the jury was free to believe some, all, or none of the Commonwealth's evidence. The jury also was free to resolve any inconsistencies or discrepancies in the testimony in either party's favor." *Commonwealth v. Jacoby*, 170 A.3d 1065, 1080 (Pa. 2017). Further, a challenge to the credibility of testimony goes to the weight of the evidence, not its sufficiency. *See Commonwealth v. Melvin*, 103 A.3d 1, 43 (Pa. Super. 2014) ("An argument regarding the credibility of a witness's testimony goes to the weight of the evidence, not the sufficiency of the evidence."). Our Supreme Court has concluded that an "appellant's challenge to the sufficiency of the evidence must fail" when an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument the appellant advances goes to the weight of the evidence. *Commonwealth v. Small*, 741 A.2d 666, 672 (Pa. 1999). No relief is due.

We next consider Appellant's "Petition for Limited Remand," in which Appellant requests reinstatement of his right to file post-sentence motions *nunc pro tunc*. Appellant argues we should excuse his late filing because he was subject to a "breakdown in court operations." Petition for Limited Remand, 6/25/21, ¶ 3. Appellant asserts:

> [A]ppellant has suffered a breakdown in court operations during a critical period due in part to a change of counsel and difficulty of [counsel] arranging contact with the [A]ppellant, despite effort, due to the [A]ppellant being transferred between SCI Smithfield and SCI Camp Hill without notice to the [counsel].

*Id*.

A breakdown in the court system may occur when the trial court "either failed to advise [a]ppellant of his post-sentence and appellate rights or misadvised him." ***Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007). Here, Appellant asserts a breakdown occurred due to "difficulty of [counsel] arranging contact with the appellant[.]" Petition for Limited Remand, 6/25/21, at ¶ 3. There is no authority for Appellant's supposition. Also, Appellant's argument implicates counsel's effectiveness. The record reflects that Appellant was advised of his "post-sentence rights;" however, he did not file a timely post-sentence motion. N.T., 1/25/21, at 11. Accordingly, we deny Appellant's petition for limited remand.[3]

---

[3] We deny Appellant's petition without prejudice for Appellant to seek relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. ***See Commonwealth v. West***, 938 A.2d 1034, 1043 (Pa. 2007) (where judgment of sentence has become final, "the PCRA subsumes all forms of collateral relief ... to the extent a remedy is available under such enactment.").

Petition denied.  Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2022