J-A25012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MICHELLE BRUCE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RIBBON FACTORY LOFTS, LLC, | : | No. 2038 EDA 2024 |
| RIBBON FACTORY LOFTS, RIBBON | : | |
| FACTORY LOFTS CONDOMINIUM | : | |
| ASSOCIATION, RODIN MARKET | : | |
| PARTNERS, LP, RODIN PLACE GP, | : | |
| INC., 1409 WEST BROAD, LLC, | : | |
| RANGER PROPERTIES, LLC, | : | |
| JOHN/JANE DOE #1 | : | |

Appeal from the Judgment Entered July 29, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  221002511

BEFORE:   LAZARUS, P.J., BOWES, J., and FORD ELLIOTT, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, P.J.:        **FILED OCTOBER 15, 2025**

Michelle Bruce appeals from the judgment entered in the Court of Common Pleas of Philadelphia County on a jury verdict in favor of Defendants Ranger Properties, LLC, 409 West Broad, LLC, and Ribbon Factory Lofts, LLC (Ribbon), in this premises liability action.  We remand for a supplemental Pa.R.A.P. 1925(a) trial court opinion.

On February 7, 2021, Bruce, a then-27-year-old nurse, slipped on ice in Ribbon's parking lot, causing injuries to her neck, back, hip, leg, knee, and foot.  Bruce testified that, while attempting to shovel near her car's front tire,

_____

[*] Retired Senior Judge assigned to the Superior Court.

her right foot slipped out from under her, causing her to land on the right side of her lower back. Bruce claimed that when she got up, she noticed, for the first time, a patch of ice around the area where she had stepped to clear her tire. It is undisputed that there had been snowfall earlier on that date, prior to Bruce's slip and fall. Although she completed her 12-hour nursing shift that evening, Bruce's pain and symptoms significantly worsened the following day, causing her to undergo medical treatment, including 3½ months of physical therapy and injections.

Following a five-day trial, a jury found Defendants were negligent and a factual cause of Bruce's injuries. However, the jury apportioned the negligence as 10% to Ribbon and 90% to Bruce based upon comparative negligence. Bruce filed a post-trial motion seeking a new trial, asserting the jury's verdict was tainted due to various erroneous evidentiary rulings, the improper admission of expert testimony, and faulty jury instructions, and was against the weight of the evidence. **See** Plaintiff's Motion for Post Trial Relief, 7/8/24, at 2-4. Without scheduling or holding oral argument, the court denied the post-trial motion on July 9, 2024.[1] Bruce filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.[2]

_____

[1] Following Bruce's praecipe, judgment was entered on the verdict on July 29, 2024.

[2] Bruce notes in her Rule 1925(b) statement that because the trial court did not issue an opinion disposing of her post-trial motion, she "cannot readily discern the basis for the July 9th order." Pa.R.A.P. 1925(b) Statement, 9/25/24, at 1. **See** Pa.R.A.P. 1925(b)(4)(vi).

On December 10, 2024, the trial court filed its Rule 1925(a) opinion. However, the opinion fails to substantively address the merits of any of Bruce's claims except to state that "there was no factual cause or evidence to support any of [her] points other than the fact that they jury found against her," that her argument regarding a jury instruction "is conjecture," and that this "was a proper jury trial [] in which the jury reached [its] verdict without any undue influence." Trial Court Opinion, 12/10/24, at 5. We cannot review the merits of Bruce's appeal without a trial court opinion that thoroughly addresses the merits of her claims.

Accordingly, we remand for the trial court to file, within thirty days, a supplemental opinion comprehensively addressing all issues raised in Bruce's Rule 1925(b) statement. We direct this Court's Prothonotary to remove this appeal from the A25/25 argument session and, upon receipt of the trial court's supplemental opinion, issue a new briefing schedule. Furthermore, we direct that, upon receipt of all necessary filings and briefs, the Prothonotary shall list this appeal before the next available EDA argument panel.[3]

_____

[3] It would generally be our strong preference not to postpone oral argument in a case. However, here, the trial court's opinion is so woefully deficient that we believe it would be unfair to the parties to proceed without a supplemental trial court opinion that enables them to properly brief the issues and allows this Court to engage in meaningful appellate review. We remind the trial court of its obligation to provide this Court with an opinion setting forth "the reasons for the order, or for the rulings or other errors complained of" and specifying the place in the record where those reasons may be found. Pa.R.A.P. 1925(a)(1). **See Commonwealth v. Widger**, 237 A.3d 1151, 1158 n.5 (Pa. Super. 2020) ("It is incumbent upon a trial court to provide this Court with its Rule 1925(a) opinion addressing an appellant's issues, with citation to the record, to permit a meaningful and effective review of the issues raised and efficient use of judicial resources.").

Case remanded with instructions. Superior Court jurisdiction retained.

Case continued to a future argument panel.