J-S44021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　:　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　　:　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　v.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
PEDRO MORALES-JUSTINIANO　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Appellant　　　　　　　:　No. 2925 EDA 2022

Appeal from the Judgment of Sentence Entered September 30, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005503-2021

BEFORE:　OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:　　　　　　　　**FILED MARCH 28, 2024**

Appellant Pedro Morales-Justiniano appeals from the judgment of sentence imposed following his convictions for indecent assault and related offenses.  Appellant challenges the sufficiency of the evidence, the weight of the evidence, and the discretionary aspects of his sentence.  We affirm.

We adopt the trial court's summary of the facts underlying this case. **See** Trial Ct. Op. at 2-5.  Briefly, Appellant was arrested and charged with multiple offenses at three separate docket numbers based on allegations that he sexually assaulted three minor victims.[1]  All three cases proceeded to a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that although the three cases were consolidated for trial, Appellant retained Mark W. Adams, Esq., to represent him in the instant case at Docket No. 5503-2021 and a separate attorney, Scott Sigman, Esq. to represent him for the charges at Docket Nos. 4875-2019 and 4876-2019.  Appellant filed

*(Footnote Continued Next Page)*

consolidated jury trial in June of 2022. At trial, the Commonwealth presented testimony from each of the three complainants. *See* N.T. Trial, 6/8/22, 34-108; N.T. Trial, 6/9/22, 5-88, 90-147. The Commonwealth also presented testimony from forensic interviewer Jillian Shainman, Special Victims Unit (SVU) Detective Randy Moderes, and Kathy Lees, a victim/witness coordinator who lived two houses away from the complainants. *See* N.T. Trial, 6/13/22, at 6-23, 24-61, 62-88, 134-38. Appellant testified on his own behalf. *See* N.T. Trial, 6/14/22, at 26-56. Additionally, Appellant presented testimony from his sister, who stated that Appellant had a reputation for being a law-abiding citizen. *See id.* at 58-61.

Ultimately, on June 15, 2022, Appellant was convicted of endangering the welfare of children - parent/guardian/other (EWOC), corruption of minors, indecent assault person less than 13 years of age, unlawful contact with a minor - sexual offenses, and aggravated indecent assault of a child at Docket No. 5503-2021.[2,3]

_____

separate appeals from the judgment of sentence imposed at Docket Nos. 4875-2019 and 4876-2019, which have been docketed by this Court at 2519 EDA 2022 and 2520 EDA 2022. We will address the appeals at 2519 EDA 2022 and 2520 EDA 2022 in a separate memorandum.

[2] 18 Pa.C.S. §§ 4304(a)(1), 6301(a)(1)(ii), 3126(a)(7), 6318(a)(1), and 3125(b), respectively.

[3] Appellant was also convicted of additional offenses at Docket Nos. 4875-2019 and 4876-2019.

On September 30, 2022, the trial court imposed consecutive terms of ten to twenty years' incarceration and three years' probation in each of the three cases, resulting in a total aggregate sentence of thirty to sixty years' incarceration, followed by nine years' probation.[4]  Appellant was also designated as a sexually violent predator (SVP) and ordered to comply with lifetime registration under the Sex Offender Registration and Notification Act[5] (SORNA).  Appellant filed a post-sentence motion, which the trial court denied.

Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.  The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.[6]

On appeal, Appellant raises the following issues for review:

---

[4] In the instant case, at Docket No. 5503-2021, the trial court sentenced Appellant to consecutive terms of incarceration as follows: five to ten years for unlawful contact with a minor and five to ten years for aggravated indecent assault of a child.  The trial court also imposed the following terms of incarceration, all of which run concurrent to Appellant's sentence for unlawful contact with a minor: three and a half to seven years for EWOC, three and a half to seven years for corruption of minors, and three and a half to seven years for indecent assault – person less than thirteen.  Lastly, the trial court imposed a consecutive term of three years of probation for aggravated indecent assault of a child.  All of Appellant's individual sentences at Docket No. 5503-2021 were within the standard guideline range.

[5] **See** 42 Pa.C.S. §§ 9799.10-9799.42.

[6] As noted previously, Appellant retained separate counsel for the appeals at Docket Nos. 4875-2019 and 4876-2019, which are not part of the instant appeal.  However, because all three cases were consolidated for trial, the trial court's Rule 1925(a) opinion addresses the underlying facts and claims in all three cases simultaneously.

1. Whether there was insufficient evidence to find that [A]ppellant committed the crimes of [EWOC] (F3), corruption of minors (F3), indecent assault of a person less than 13 (F3), unlawful contact with a minor (F1), and aggravated indecent assault of a child (F1).

2. Did the trial court abuse its discretion by refusing to grant a new trial, as the verdicts were against the weight of the evidence?

3. Whether the trial court abused its discretion by entering manifestly excessive and clearly unreasonable sentences and where the sentences violated the sentencing guidelines?

4. Whether the trial court's aggregate sentence of 30 years to 60 years' incarceration followed by 9 years' probation was unreasonable, excessive, and violated the sentencing guidelines?

Appellant's Brief at 8.

## Sufficiency of the Evidence

In his first claim, Appellant challenges the sufficiency of the evidence supporting his convictions at Docket No. 5503-2021. *Id.* at 24-27. In support, Appellant argues that (1) he has good character and that "good character alone may be sufficient to raise a reasonable doubt and thus justify an acquittal of the charges;" (2) the complainant failed to report the abuse when it occurred; (3) the complainant and her two sisters had "different recollections and/or testimony of key events;" and (4) there was no DNA or physical evidence to support the convictions. *Id.*

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope

- 4 -

of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Palmer*, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted).

Additionally, our Supreme Court has held that a "challenge to the sufficiency of the evidence must fail[,]" where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but makes an argument that goes to the weight of the evidence. *Commonwealth v. Small*, 741 A.2d 666, 672 (Pa. 1999). As this Court has explained, "[a] challenge to the weight of the evidence is distinct from a challenge to the sufficiency of the evidence in that the former concedes that the Commonwealth has produced sufficient evidence of each element of the crime, but questions which evidence is to be believed." *Commonwealth v. Richard*, 150 A.3d 504, 516 (Pa. Super. 2016) (citation omitted) (formatting altered).

Challenges to reliability of evidence go to the weight of the evidence, not sufficiency. *See, e.g*., *Commonwealth v. Barkman*, 295 A.3d 721, 733 (Pa. Super. 2023) (noting that unlike weight claim, "a sufficiency claim must

- 5 -

accept the credibility and reliability of all evidence that supports the verdict" (citation omitted)). Indeed, the "[e]xistence of inconsistencies in the testimony of a witness does not alone render evidence insufficient to support a verdict." *Commonwealth v. Lyons*, 833 A.2d 245, 258 (Pa. Super. 2003) (citations omitted); *see also Commonwealth v. Johnson*, 180 A.3d 474, 478 (Pa. Super. 2018) (reiterating that "[v]ariances in testimony . . . go to the credibility of the witnesses and not the sufficiency of the evidence" (citation omitted)).

Here, Appellant does not allege that the Commonwealth failed to establish any particular element of the charges for which he was convicted.[7] Instead, Appellant challenges the quality of the complainant's testimony in light of inconsistencies with other witness testimony, the lack of DNA evidence, and Appellant's reputation for good character. *See* Appellant's Brief at 24-27. Because these claims relate to the weight of the evidence, rather

_____

[7] In any event, even if Appellant properly argued a sufficiency-of-the-evidence claim, we would conclude that it was waived due to the deficiencies in Appellant's brief. Although Appellant filed a Rule 1925(b) statement challenging the sufficiency of the evidence for each of his underlying convictions at Docket No. 5503-2021, *see* Rule 1925(b) Statement, 11/23/22, at 1-2, Appellant did not identify which element or elements for which the evidence was insufficient. This Court has explained that in order to "preserve a sufficiency claim, [an appellant's] Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient." *Commonwealth v. Widger*, 237 A.3d 1151, 1156 (Pa. Super. 2020) (citation omitted). If an appellant does not specify such elements, the sufficiency claim is waived. *See Commonwealth v. Roche*, 153 A.3d 1063, 1072 (Pa. Super. 2017).

than sufficiency, Appellant's sufficiency claim must fail. ***See Small***, 741 A.2d at 672. Therefore, he is not entitled to relief.

## Weight of the Evidence

Appellant also argues that the trial court erred in rejecting his weight claim. Appellant's Brief at 27. In support, Appellant argues that the evidence was "weak and inconclusive" because (1) Appellant had good character; (2) the complainant (A.L.) failed to report the alleged abuse "contemporaneously or immediately" after it occurred; (3) A.L.'s testimony was inconsistent with the testimony provided by her sisters; and (4) there was "no DNA and no medical/forensic evidence" to support Appellant's convictions. ***Id.*** at 28-31.

When reviewing the denial of a motion for a new trial based on weight of the evidence, we are governed by the following standard of review:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

***Commonwealth v. Windslowe***, 158 A.3d 698, 712 (Pa. Super. 2017) (citations omitted).

As this Court has repeatedly stated,

[t]he weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact. It is well-settled that we cannot substitute our judgment for that of the trier of fact.

\* \* \*

Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Commonwealth v. Spence*, 290 A.3d 301, 311 (Pa. Super. 2023) (citations omitted and formatting altered); *see also Commonwealth v. Jacoby*, 170 A.3d 1065, 1081 (Pa. 2017) (stating that "inconsistencies in eyewitness testimony are not sufficient to warrant a new trial on grounds that the verdict was against the weight of the evidence" (citation omitted)).

Here, the trial court addressed Appellant's weight claim as follows:

Based on the facts already mentioned in this opinion, as well as the totality of the circumstances relating to Appellant's character and the complainants' testimony, the jury verdicts were in no way against the weight of the evidence presented. Specifically, the evidence was not vague, tenuous, or uncertain, nor did it rise to the level of shocking one's sense of justice. Reviewing video testimony of each complainant as well as witnessing their overall calloused, withdrawn, and emotional demeanors, the jury was convinced, beyond a reasonable doubt, that each complainant

- 8 -

suffered immeasurable trauma because of Appellant. Therefore, the guilty verdicts were not against the weight of the evidence admitted at trial.

Trial Ct. Op. at 17-18 (citation omitted and some formatting altered).

Following our review of the record, we find no abuse of discretion by the trial court in rejecting Appellant's weight claim. **See Jacoby**, 170 A.3d at 1080-81; **see also Windslowe**, 158 A.3d at 712. The record reflects that the evidence amply supports the jury's verdict, and the trial court concluded that there was nothing shocking in the jury reaching its decision. **See** Trial Ct. Op., at 17-18; **see also Spence**, 290 A.3d at 311. It was within the jury's province to assess witness testimony, make credibility determinations, and reach a verdict based on the evidence presented at trial. **See Spence**, 290 A.3d at 311. Further, this Court cannot re-weigh the evidence on appeal. **See id.** Therefore, Appellant is not entitled to relief.

**Discretionary Aspects of Sentence**

Appellant's remaining claims relate to the discretionary aspects of his sentence. Specifically, Appellant argues that "[t]he trial court abused its discretion by entering manifestly excessive and clearly unreasonable sentences for each of Appellant's five convictions." Appellant's Brief at 32. In support, Appellant argues that the trial court "overly focused on the crime, while completely ignoring the sentencing guidelines, Appellant's individual characteristics, and the circumstances of the case." **Id.** at 33. Appellant also argues that his aggregate sentence was unreasonable and excessive because the trial court ignored mitigating factors. **Id.** at 37. Therefore, Appellant

concludes that his "sentence should be vacated and remanded for re-sentencing." *Id.* at 33.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question

exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved this issue by raising it in his post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. *See Corley*, 31 A.3d at 296. Further, Appellant's claim raises a substantial question for our review. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (stating "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question" (citation omitted)). Therefore, we will review the merits of Appellant's claims.

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Raven*, 97 A.3d at 1253-54 (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant[.]" *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in

question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Schutzues***, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court "must consider the sentencing guidelines." ***Fullin***, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Edwards***, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. ***See Commonwealth v. Kurtz***, 294 A.3d 509, 536 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors[.]" ***Id.*** (citation omitted).

"Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. [An a]ppellant is not entitled to a 'volume discount' on his multiple convictions by the imposition

of concurrent sentences." ***Commonwealth v. Brown***, 249 A.3d 1206, 1216

(Pa. Super. 2021) (citations omitted and formatting altered).

Here, the record reflects that the trial court ordered a PSI report, which

it reviewed prior to sentencing. ***See*** N.T. Sentencing Hr'g, 9/30/22, at 3-4,

56. In its Rule 1925(a) opinion, the trial court explained:

> In this case, the court sentenced Appellant to [an aggregate of]
> 10-20 years['] incarceration [and 3 years of probation] for each
> complainant. Further, the court ordered that these sentences run
> consecutively for a total aggregate sentence of 30-60 years[']
> incarceration [followed by 9 years of probation]. While the
> sentences may be lengthy, they are within the recommended
> guidelines. The court carefully considered both the mitigating and
> aggravating factors presented in formulating an appropriate
> sentence for Appellant. . . .
>
> &ast; &ast; &ast;
>
> The court was reasonable in sentencing Appellant to consecutive
> terms of incarceration as the court considered all factors pertinent
> to Appellant. The court reasonably weighed prior record score and
> adversities he faced regarding his sexual identity, as well as all his
> rehabilitative needs.
>
> However, based on the severity of his offenses, the length of time
> the incidents occurred, the tender ages of the complainants and
> Appellant's classification, Appellant's sentences were well within
> the guidelines. Quite frankly, the court still has serious concerns
> as to whether Appellant will reoffend if and when released to the
> public. These concerns stem from Appellant's predatory behavior
> and grooming involving the complainants. While Appellant cited
> his sexual status as a mitigating factor, the court was not
> convinced that the growing pains that come with understanding
> one's sexual identity could be the basis for a valid defense under
> these circumstances.
>
> Lastly, the court was especially moved by the testimony of each
> complainant, both at trial and at sentencing. It is clear that each
> victim has undergone significant emotional distress from
> Appellant's actions and understands that trauma is shown
> differently amongst each individual. Thus, the court found that

> any mitigating factor was overwhelmed by the significant aggravating factors associated with Appellant's offenses. This court felt his sentences should be served consecutively to reflect the harm done to each complainant separately.

Trial Ct. Op. at 19-21.

Based on our review of the record, we discern no abuse of discretion by the trial court. **See Raven**, 97 A.3d at 1253. The record reflects that the trial court ordered a PSI report, which it reviewed prior to sentencing. **See** N.T. Sentencing Hr'g, 9/30/22, at 3-4, 56. Therefore, we presume that the trial court was aware of the mitigating factors and considered them when imposing Appellant's sentence. **See Edwards**, 194 A.3d at 638; **see also Kurtz**, 294 A.3d at 536. Further, we will not re-weigh those factors on appeal. **See Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa. Super. 2009) (explaining that the appellate court cannot reweigh sentencing factors and impose its judgment in place of sentencing court where lower court was fully aware of all mitigating factors). Further, to the extent Appellant challenges his aggregate sentence, we reiterate that defendants convicted of multiple criminal offenses are not entitled to a "volume discount" on their aggregate sentence. **See Brown**, 249 A.3d at 1216. Under these circumstances, we have no basis to conclude that the trial court abused its discretion in imposing Appellant's sentence. **See Edwards**, 194 A.3d at 637; **Raven**, 97 A.3d at 1253. Therefore, Appellant is not entitled to relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/28/2024