J-S20028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YAMIL ALEXIS RIVERA-MAGDALENO | : | |
| | : | |
| Appellant | : | No. 711 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 22, 2023
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000734-2022

BEFORE: OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED JULY 03, 2024**

Yamil Alexis Rivera-Magdaleno appeals from the judgment of sentence of 6½ to 30 years of imprisonment entered after he pled guilty to drug delivery resulting in death, delivery of fentanyl and heroin, and involuntary manslaughter at case CP-38-CR-734-2022. He received a concurrent sentence in a second case, CP-38-CR-573-2022, but did not file a notice of appeal at that docket. Rivera-Magdaleno challenges (1) the validity of his plea and (2) the sentencing court's discretion. He also moves for remand for the trial court to file an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a). We affirm the judgment of sentence and deny the remand motion.

---

[*] Former Justice specially assigned to the Superior Court.

Rivera-Magdaleno explains in his brief that he entered guilty pleas in his two cases with an agreement for a recommended aggregate sentence of 5 to 10 years. However, counsel for both sides subsequently realized that this was below the standard range of the sentencing guidelines for drug delivery resulting in death, and the trial court would not sentence below the guidelines. Sentencing was rescheduled for further negotiation; the Commonwealth offered Rivera-Magdaleno an adjusted agreement adding 18 months to the minimum term. Counsel presented the offer to Rivera-Magdaleno, who "chose to move forward with sentencing pursuant to the modified terms" rather than withdraw his plea. Rivera-Magdaleno's Brief at 3. At sentencing, Rivera-Magdaleno confirmed his choice. The trial court sentenced Rivera-Magdaleno to 6½ to 30 years of imprisonment for drug delivery resulting in death. All other offenses merged for sentencing or resulted in concurrent sentences.

Rivera-Magdaleno thereafter filed a *pro se* "Appeal for reconsideration of sentence and [ineffectiveness] of counsel." Appeal, 4/19/23. He separately wrote a letter to the trial court indicating that he "would like to appeal [his] recent sentencing." The trial court filed the letter and forwarded a copy to Rivera-Magdaleno's counsel.

In further discussions with his attorney, Rivera-Magdaleno indicated that he was satisfied with counsel's explanation of his sentence and that he no longer wanted to appeal. Rivera-Magdaleno's Brief at 3–4.

The following month, the trial court granted Rivera-Magdaleno *in forma pauperis* status and directed him to file a concise statement of errors

complained of on appeal. Order, 5/12/23; Order, 5/12/23. Rivera-Magdaleno did not file a concise statement of errors as directed. Counsel moved to withdraw, which the trial court denied. Order, 5/22/23.

Rivera-Magdaleno indicates that he filed a post-sentence motion to vacate his plea and sentence on July 10, 2023, which was heard on August 9, 2023. However, the certified record in this case contains neither the motion nor the order denying it.[1]

Because there was no docketing statement or brief filed in this Court, we remanded on August 25, 2023, for the trial court to determine whether Rivera-Magdaleno had been abandoned by counsel. The trial court found that counsel did not abandon Rivera-Magdaleno.

In this Court, Rivera-Magdaleno filed his brief on January 2, 2024. Counsel noticed that the trial court had not issued a Rule 1925(a) opinion in this case. Accordingly, on January 8, 2024, Rivera-Magdaleno moved for remand to allow the trial court to comply with the rule.

Regarding the motion for remand, we note that it is "mandatory" for a trial court to file a Rule 1925(a) opinion in every case in which there is a notice of appeal. *Commonwealth v. Widger*, 237 A.3d 1151, 1158 n.5 (Pa. Super. 2020). However, we need not remand for compliance with the rule if we can review the merits of the issues based on our review of the record. *See id.*

---

[1] The trial court's response to our subsequent remand order states that the post-sentence motion was filed only at docket CP-38-CR-573-2022, Rivera-Magdaleno's other case.

Here, the lack of a Rule 1925(a) opinion does not hinder our review of the issues that Rivera-Magdaleno argues. We therefore deny Rivera-Magdaleno's motion for remand and proceed to the merits of his issues.

Rivera-Magdaleno first argues that his plea was unknowing and thus invalid. Specifically, he claims that he was unaware that his guilty plea would result in a sentence of up to thirty years.

We generally review the denial of a post-sentence motion to withdraw a plea to determine if the trial court abused its discretion based on the defendant's showing of "manifest injustice." *Commonwealth v. Felix*, 303 A.3d 816, 820 (Pa. Super. 2023). However, the trial court's discretion requires the defendant to move to withdraw the plea. If the defendant does not move to do so, the trial court does not err by failing to allow withdrawal of a plea. *Commonwealth v. Berry*, 877 A.2d 479, 485 (Pa. Super. 2005) (*en banc*).

Here, Rivera-Magdaleno entered guilty pleas in two cases, affirmed his decision under an amended agreement, and was sentenced in both cases. Rivera-Magdaleno then filed a *pro se* notice of appeal at this docket number. Through counsel, he filed a post-sentence motion to withdraw his plea at his other docket number. Because Rivera-Magdaleno never moved to withdraw his plea in the only case on appeal, he failed to preserve the issue. *Berry*, *supra*. Because there was no motion to withdraw the plea in this case, there was nothing for the trial court to deny, and no error occurred. This issue fails.

Rivera-Magdaleno next argues that the trial court abused its discretion by sentencing him to a maximum term of thirty years.[2] He contends that the sentence exceeded the intent of the plea agreement.

"Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings." **Commonwealth v. Lamonda**, 52 A.3d 365, 371 (Pa. Super. 2012) (citation omitted). "Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Id.**

Here, Rivera-Magdaleno has failed to preserve his challenge to the discretionary aspects of the sentence he received in this case for drug delivery resulting in death. There is no indication that Rivera-Magdaleno objected at sentencing when he was sentenced pursuant to the amended plea agreement. After sentencing, neither the *pro se* notice of appeal in this case nor the post-sentence motion in the other case would enable the trial court to review its discretion in imposing a thirty-year maximum term of imprisonment. This issue fails.

Motion for remand denied. Judgment of sentence affirmed. Jurisdiction relinquished.

---

[2] Rivera-Magdaleno adds that the maximum legal sentence he could receive for a felony of the first degree is 20 years. However, the maximum term of imprisonment for the offense of drug delivery resulting in death "shall be fixed by the court at not more than 40 years." 18 Pa.C.S.A. § 2506(b)(1).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/03/2024