J-S02014-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: C.S, A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: T.S., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2640 EDA 2025 |

Appeal from the Order Entered November 6, 2025
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0001226-2021

| | | |
|---|---|---|
| IN THE INTEREST OF: C.J.S, A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: T.S., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2641 EDA 2025 |

Appeal from the Decree Entered October 1, 2025
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000181-2025

| | | |
|---|---|---|
| IN THE INTEREST OF: C.S, A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: T.S., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2642 EDA 2025 |

Appeal from the Order Entered November 6, 2025
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0000863-2022

| | | |
|---|---|---|
| IN THE INTEREST OF: C.A.S, A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-S02014-26

:
APPEAL OF: T.S., FATHER                        :
:
:
:
:
:
:
:  No. 2643 EDA 2025

Appeal from the Decree Entered October 1, 2025
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-AP-0000182-2025

BEFORE:  NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

JUDGMENT ORDER BY NICHOLS, J.:                    **FILED APRIL 8, 2026**

Appellant T.S. (Father) appeals from the orders changing the permanency goals for C.J.S. and C.A.S. (collectively, Children) to adoption and terminating Father's parental rights.[1]  We remand for the trial court to file a supplemental Pa.R.A.P. 1925(a) opinion explaining its decision to terminate Father's parental rights and to change the permanency goal to adoption.

Briefly, the trial court entered orders in dependency changing Children's permanency goals to adoption on September 30, 2025[2] and entered decrees in adoption terminating Father's parental rights to Children on October 1, 2025.  Father filed a timely notice of appeal and Father's counsel, James J.

_____

[1] On November 13, 2025, this Court consolidated Father's appeals of the goal change dependency orders and decrees terminating parental rights for both Children and designated 2640 EDA 2025 as the lead docket number in these matters.  **See** Order, 11/13/25.

[2] On November 6, 2025, the trial court entered orders amending the September 30, 2025 dependency orders to correct an error in the wording of the goal change provisions of said orders.  **See** Docket Nos. CP-51-DP-1226-2021 and CP-51-863-2022, Am. Trial Ct. Orders, 11/6/25.

- 2 -

DeMarco, Jr., Esq. simultaneously filed a Pa.R.A.P. 1925(c)(4) statement of his intent to file an *Anders*/*Santiago*[3] brief.

In lieu of a Rule 1925(a) opinion, the trial court filed a notice referring this Court to the notes of testimony for "the trial court's primary statements regarding reasons" for the termination and stated that, "as a part of its reasoning, the trial court made credibility determinations of all the testimony provided." Rule 1925(a) Notice, 11/17/25, at 2 (citing N.T., 9/30/25, at 96-103). In the Rule 1925(a) notice, the trial court did not provide a procedural history of Children's dependency or adoption matters, other than noting the final hearing date. Further, the Rule 1925(a) notice does not contain a summary of the facts presented at the September 30, 2025 hearing or, aside from directing this Court to the notes of testimony, address why the trial court granted the petition to change the dependency goals to adoption or terminated Father's parental rights. Accordingly, the trial court's Rule 1925(a) notice, even considered in conjunction with the attached notes of testimony, is inadequate for purposes of our review.

We therefore remand for the trial court to file, within thirty days from the date of this judgment order, a Rule 1925(a) opinion that provides a summary of the relevant facts, the procedural history of Children's dependency and adoption cases, and the reasons for its decisions. *See*

---

[3] *Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009); *see also In re V.E.*, 611 A.2d 1267, 1275 (Pa. Super. 1992) (extending *Anders* to appeals involving the termination of parental rights).

*Commonwealth v. Widger*, 237 A.3d 1151, 1158 n.5 (noting that the "remedy for the trial court's non-compliance with Rule 1925(a) is to remand the case to the trial court with instructions to prepare an opinion and return the case to this Court" (citation omitted)); *see also In re G.L.C.*, 333 EDA 2019, 2019 WL 4415749, *2-3 (Pa. Super. filed Sept. 16, 2019) (unpublished mem.) (in a dependency and adoption matter, remanding to the trial court to file a supplemental Rule 1925(a) opinion explaining the reasons for its decision, within thirty days).[4]

Case remanded. Jurisdiction retained.

_____

[4] We may cite to unpublished memorandum decisions of the Superior Court filed after May 1, 2019, for their persuasive value. *See* Pa.R.A.P. 126(b).

- 4 -